Eikel & Breusted v. John P. Randolph.

No. 168.

1. **Suit on Promissory Note — When Payable.** — Where a note was given as part consideration for an undivided interest in a grant of land, payable upon the rendition of a final judgment by any court of competent jurisdiction in any one case, decreeing said grant to be genuine and valid, *Held*, that a recovery on said note can not be had merely by showing that in an action involving the validity of this grant there was a judgment for the plaintiff.

2. **Same—Recovery may be had When.**—A recovery can not be had when defendant's liability is to accrue only in a certain event, unless it is both alleged and proved that the event has taken place.

3. **Same — Parol Evidence, what may be Shown by.** — It may be shown by parol testimony, in an action upon a note payable upon the rendering of a final judgment declaring a certain land grant genuine and valid, that at the time the note sued on was given, only one suit was pending involving the validity of said grant; that said suit was the one contemplated and discussed by the parties to the note. as being the one that would settle the validity and genuineness of said grant. But if the parol testimony in any manner tends to vary the meaning of the parties as expressed in the writings, by showing an understanding contemporaneous with or prior to the giving of said note different from what is stipulated in the note, it is not admissible.

4. **Practice on Appeal.**—When the Supreme Court strikes out a portion of the statement of facts on appeal, and thereafter transfers the cause to the Court of Civil Appeals for adjudication, and it appears from the facts not expunged from the record that the trial court was not justified in rendering judgment for appellee, the judgment below will be reversed and the cause remanded.

5. **Purpose of Appeal.**—The purpose of an appeal is the passing upon the case as it stood in the court where judgment was rendered.

Appeal from El Paso.    Tried below before Hon. T. A. Falvey.

*W. B. Merchant,* for appellants.—1.  A judgment rendered on an agreed statement of facts for 160 acres of land in a grant covering an area of about 370,000 acres, which is expressly limited by the trial judge to the facts agreed upon, does not decree the validity of a grant or reduce to possession the balance of the land embraced in the grant.

2.  A promise in writing to pay a certain sum of money to another, conditionally, is of no avail unless the condition is complied with or the event happens upon which the promise depends, and such promise is not a promissory note.    1 Greenl. on Ev., 5 ed., secs. 66–69; Espey v. Heidenheimer Bros., 58 Texas, 662; Salinas v. Wright, 11 Texas, 572; Mitchell v. Clay, 8 Texas, 443.

3.  Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument unless 'fraud or mistake is alleged and proven.    1 Greenl. on Ev., secs. 275, 276; Heatherey v. Record, 12 Texas, 50; Keitle v. Garrett, 29 Texas, 52.

*Hague & Davis*, for appellee.—1. In the absence of issue raised as to fraud, mistake, and the like, it matters not that the parties to the case admitted certain facts upon which the court applied the law. The judgment was binding and valid, and therefore matured the note.

2. A written agreement, when the meaning of the words is doubtful, may be read in the light of surrounding circumstances relating to the subject matter of the contract, and parol evidence of custom and usage relating thereto is admissible to show the meaning of the language used.

JAMES, Chief Justice.—Suit on a note as follows:

"$1500.                                 El Paso, Texas, August 24, 1888.

" On demand, after the unsurveyed lands described in a warranty deed of this date are reduced to possession by judgment of any competent court in any one case decreeing the validity of the Don Jose Lerma land grant genuine and valid, we promise to pay to the order of John P. Randolph the sum of $1500, for value received, as stipulated in the said deed from John P. Randolph to us. In case the said grant is not maintained by the courts as a valid grant, in that case this note to be null and void.

"Eikel & Breusted,
"Per J. Eikel."

The petition alleged, that the note was given as part of the consideration for a deed to Eikel & Breusted for an undivided interest in the Jose Lerma grant; it is also alleged, that a case which the parties to said note at the giving of the note had in contemplation, in the Circuit Court of the United States at El Paso, styled Lerma v. Stevenson, was by final judgment therein to mature said note, and that final judgment was rendered therein on October 7, 1889, decreeing the grant valid and genuine and awarding plaintiff a recovery of *part* of the unsurveyed lands mentioned in said deed and note. These are substantially the allegations alleging the happening of the condition upon which the note was to become payable. The petition shows that the above note was substantially described in said deed as part of the purchase price. Prayer for judgment on the note and for foreclosure of lien.

There is a statement of facts in the record containing the pleadings and decree in the said suit of Lerma v. Stevenson, the note sued on, the deed from Randolph to defendants, and the judge's conclusions of fact and law and statement of facts in said cause of Lerma v. Stevenson, which were stricken from the record by the Supreme Court while the appeal was in that court, because said instruments were not set forth in an original statement of facts, as is required by the rules relating to the District Courts.

The condition in which we find the record precludes the possibility of our passing upon the case as it stood in the District Court when the judg-

ment was rendered, which is the purpose of an appeal. And as there is a statement of facts left after expunging the portions above specified, we can not affirm the judgment on the ground that there is no statement of facts. Treating what is thus left as a statement of facts, we find nothing to support the foreclosure of lien upon an undivided two and one-half sixteenths of the grant. Nor does it appear that in the suit of Lerma v. Stevenson the validity of the Lerma title was passed on.

It appears, speaking from the remaining evidence, that the suit was one involving the validity of the Lerma grant, and was decided in favor of the plaintiff therein; but it does not follow from this that the judgment did actually adjudicate the validity of the Lerma title. It appears from the testimony of Eikel and of Merchant that the case was not tried on its merits, and went off by an agreement in which the validity of the title was admitted, and there is no contrary testimony on this subject. It can not be successfully contended that such a judgment involved any judicial consideration of the title to the Lerma grant, and it appears from the petition that that suit affected only a portion of the land that the note referred to.

A recovery can not be had where defendant's liability is to accrue only in a certain event, unless it is both alleged and proved that the event has taken place. The oral testimony left in the record sufficiently shows the execution of the note by the witnesses referring to it as the note sued on; also, that a suit involving the validity of the Lerma grant was soon afterwards disposed of in favor of the plaintiff Lerma; also (from the admission of Eikel), that it was not the intention of the contract that all the land purchased should be recovered by judgment or possession acquired before the note should be demandable. In fact, it seems that there was enough left in the record to establish defendant's liability, did it appear that the judgment in the case of Lerma v. Stevenson was one upon the validity of the grant; but the contrary appears. This was the essential condition upon which defendant's liability depended.

It was testified to, over objection by defendants, that at the time the note sued on was given, the said suit of Lerma v. Stevenson was the only one pending; that said suit was then discussed and contemplated by the parties as being a suit that would settle the validity and genuineness of the said grant. This testimony was not improperly admitted. It is, so far as set forth in the bill of exceptions, consistent with the terms of the note, which contemplated that suit or any other suit wherein the validity of the grant was an issue. But if this testimony in parol form had gone further, and in any manner tended to vary the meaning of the parties as expressed in the writings, by showing an understanding contemporaneously with or prior to giving of the note, different from what is stipulated in the note, it would not have been admissible.

We are asked to render a judgment in favor of the appellants. Were

the facts before us as they were before the District Court, we could, the facts justifying it, render a different judgment in favor of the appellants. But if we should undertake to render a judgment in favor of the appellants, we would not be revising the action of the district judge. We therefore reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered January 17, 1894.

### ON REHEARING.

We are not satisfied from what is advanced in the motion for rehearing to modify the former opinion in this case. There was not an absence of a statement of facts. Certain documents were called for in the statement, as prepared, agreed upon by the parties, and approved by the judge, to be copied by the clerk, which was carried out by the clerk in violation of the rule governing such statements. While the case was in the Supreme Court appellee moved on that ground to strike out the entire statement of facts, or in the alternative to strike out the portions so improperly copied therein.

The court struck out only those portions, and we can regard this only as a refusal to treat the entire statement as void, which they should have done, and doubtless would, if the statement as it remained after striking out said portions was not entitled to be considered.

We do not regard our views as contrary to what is held in Johnson v. Railway, 69 Texas, 641. In that case there was a partial statement of the evidence only, and the court considered it, and concluded that it showed that the judgment appealed from was sustained thereby, and affirmed the same. In the present case it appears from those portions of the statement not stricken out that the court was not justified in rendering judgment for appellee; and while we should not render judgment when all the facts upon which the case was tried below are not clearly before us, we should not, with a statement of facts before us, affirm the judgment contrary thereto. The above case of Johnson v. Railway is not the only authority there is for considering the evidence. Railway v. Lane, 79 Texas, 643.

The motion is overruled.

*Motion overruled.*

Delivered February 14, 1894.