DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. M. V. SUMMERS.

Decided January 11, 1908.

**Personal Injuries—Proof of Poverty—Error.**

In a suit for damages for personal injuries, the admission of evidence, over objection, that the plaintiff was in destitute circumstances, is reversible error.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Finley, Knight & Harris* and *Walter H. Walne*, for appellant.— The allegation that a married woman is in destitute circumstances is immaterial and irrelevant, and hence is an improper allegation, it being a direct appeal to the sympathy of the jury. The allega-

tion by a married woman that her husband had abandoned her and refused to join in the suit will enable her to prosecute in her own name a suit to recover community assets; hence it was error for the trial court to overrule defendant's special exception which sought to eliminate the allegation that plaintiff was in destitute circumstances. Wright v. Hays, 10 Texas, 131; Cheek v. Bellows, 17 Texas, 613; Fullerton v. Doyle, 18 Texas, 13; Black v. Black, 62 Texas, 296; Cullers & Henry v. James, 66 Texas, 497; Nickerson v. Nickerson, 65 Texas, 281-286; San Antonio & A. P. Ry. v. Gillum, 30 S. W., 698; Houston & T. C. Ry. v. Lackey, 12 Texas Civ. App., 230; Missouri, K. & T. Ry. v. Hennessey, 20 Texas Civ. App., 316; Ann Berta Lodge v. Leverton, 42 Texas, 21; Dallas C. E. St. Ry. v. Black, 89 S. W., 1087; Andrews v. Runyon (Cal.), 4 Pac., 669; Baldwin v. Second St. Cable Ry. (Cal.), 19 Pac., 644; Wolf v. Bauereis (Md.), 19 Atl., 1045; Starrett v. Wynn (Pa.), 17 Sergeant & Rawles, 130; Gregory v. Pierce (Mass.), 4 Metcalf, 479.

*H. L. Obenchain, Randolph Paine* and *W. A. Kemp,* for appellee. —Mere abandonment by the husband will not authorize the wife to sue alone for a tort committed against her during coverture without allegation and proof of other facts which authorize her to sue and recover alone; and destitution of the abandoned wife is one of the conditions which bring her within the exception. Ezell v. Dodson, 60 'Texas, 331; McIntire v. Chappel, 2 Texas, 380; Nickerson v. Nickerson, 65 Texas, 281, also the numerous cases cited in appellant's brief.

STEPHENS, ASSOCIATE JUSTICE.—This was an action for damages for personal injuries sustained by appellee in alighting from one of appellant's street cars in the city of Dallas, September 3, 1904. When the suit was brought and when the accident occurred her husband had abandoned her, and before the trial she obtained a divorce, and this fact was alleged in an amended petition. She recovered a verdict and judgment in the sum of two thousand six hundred dollars, from which this appeal is prosecuted.

The court erred in permitting appellee to allege and prove that she was "in destitute circumstances." Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Ft. Worth Iron Works v. Stokes, 33 Texas Civ. App., 218. This ruling seems to have been made on the theory that it was necessary for appellee to make such allegation and proof in order to maintain the action without the joinder of her husband, although he had deserted her, and numerous cases have been cited to sustain the ruling, but we do not understand any of them to so hold, and on principle the position is clearly untenable. But however this may be, there was clearly no necessity for such allegation and proof after appellee had been freed from her husband by a decree of divorce. The judgment is therefore reversed and the cause remanded for a new trial.

### ON MOTION FOR REHEARING.

It is earnestly insisted in support of this motion that appellant was not entitled to a reversal of the judgment on account of the error pointed out in the opinion because what was therein held to be inadmissible was more fully established by testimony drawn out by appellant on cross-examination as a basis for its claim that the injuries for which appellee sought to recover damages were due to the overwork and anxiety incident to her struggles for a livelihood rather than to the causes alleged as ground of recovery. In view of the earnestness and seeming force with which the contention is made we have examined the pages of the transcript referred to in the motion, only to find that the evidence elicited by appellant was to the effect that appellee had ruined her health by overwork and anxiety prior to the time of the accident, whereas the evidence admitted over its objection and on account of which the judgment was reversed placed before the jury the further fact of her destitute and helpless condition pecuniarily when the suit was brought.

It is doubtless true that proof of overwork and anxiety would naturally suggest pecuniary necessity as a cause, but it is also true that such a course of conduct is often due to other causes. Such proof, therefore, is not equivalent to proof of poverty and destitution. See opinion in Hannig case, 91 Texas, 347. The motion is therefore overruled.

*Reversed and remanded.*