MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
S. H. THOMAS.

Decided December 14, 1910.

### 1.—Carriers of Passengers—Negligence—Pleading—Res Ipsa Loquitur.

Where plaintiff's petition alleged injuries received in a head end collision between trains on defendant's road, charged to have been occasioned by certain specific acts and omissions on defendant's part, none of which was supported by evidence in proof of such specific negligence, he can not rely on the doctrine of *res ipsa loquitur* as supporting a conclusion of negligence generally, but is held to proof of the particular default alleged. Nor can he introduce evidence of negligence other than that so alleged.

### 2.—Examination of Witness—Misconduct of Counsel.

The action of counsel in asking and of his client in answering questions calling for evidence which he must have known to be both inadmissible and prejudicial to his opponent, before objection could be interposed, is held ground for reversal, though withdrawn on objection, with instruction by the court that it be disregarded, where a large verdict for plaintiff may have been influenced by such evidence.

Appeal from the District Court of Bell County. Tried below before Hon. John D. Robinson.

*Coke, Miller & Coke* and *Tyler, Hubbard & Tyler,* for appellant.

*Winbourn Pearce* and *A. L. Curtis,* for appellee.—The evidence offered by the plaintiff was abundant to prove the negligent acts alleged in plaintiff's petition. The only natural inference of negligence arising from the collision and the attending circumstances, was that defendant had failed to give proper orders, or if the same had been given, they had been disobeyed. Railway Co. v. Stone, 125 S. W., 587; Railway Co. v. Brown, 16 Texas Civ. App., 93; Railway Co. v. Smith, 74 Texas, 276; Railway Co. v. Smith, 76 Texas, 611; Railway Co. v. Lauricella, 87 Texas, 277; Railway Co. v. Parks, 97 Texas, 131; Railway Co. v. Leaky, 39 Texas Civ. App., 584; Railway Co. v. Parsley, 6 Texas Civ. App., 155, 97 Texas, 234, 91 S. W., 380; Railway Co. v. Cotton, 29 N. E., 899; 6 Thompson's Negligence, sec. 7643; 2 Thompson's Negligence, sec. 1246.

KEY, CHIEF JUSTICE.—About the 10th day of October, 1909, there was a head-on collision between a passenger train and a freight train near the town of Troy in Bell County, on the Missouri, Kansas & Texas Railway. At the time in question S. H. Thomas was the mail clerk and occupied a mail car on the passenger train, which car was wrecked and almost demolished and Thomas was seriously injured. Thereafter, Thomas brought this suit against the Missouri, Kansas & Texas Railway Company of Texas, alleging that his injuries were caused by the negligence and carelessness of the defendant's employes in charge of the two trains which collided, in negligently failing to obey orders, and by the negligence of the defendant's agents and employes in negligently giving orders to those in charge of the two trains and by the negligence

and carelessness of the defendant in furnishing and providing the passenger train with a mail car that was old, out of date, rotten, unsafe and dangerous.

The defendant's answer embraced a general demurrer and a general denial. There was a jury trial which resulted in a verdict and judgment for the plaintiff for $12,500 and the defendant has appealed.

The plaintiff proved that the collision occurred at the time and place alleged, and that he sustained certain injuries as a result of the collision. No testimony was submitted tending to show that the collision was caused by either of the specific acts of negligence alleged in the plaintiff's petition. It is true that the plaintiff testified that the mail car in question had been in use for thirteen years; that it was a very light car and had been in the shop a number of times, but not materially strengthened in any way; that it had wood sills, wood frame, light trucks and lighter equipment than the Missouri, Kansas & Texas runs on its trains. However, that car was next to the engine and tender; and, in view of the fact that the plaintiff's own testimony, as well as that given by other witnesses, shows that it was almost entirely demolished, we do not think that the plaintiff's testimony as to the character of the car presented any issue of negligence in respect to the car. If it had been heavier and constructed of stronger material it is equally as probable that it would have been wrecked and the plaintiff injured in a head-on collision, when one of the two trains was traveling at the rate of about forty miles an hour, as testified to by the plaintiff. Notwithstanding the fact that the pleadings and testimony were as stated, the court refused a peremptory instruction directing a verdict for the defendant, and in its charge to the jury did not limit the plaintiff's right to recover to the specific acts of negligence charged in his petition, but instructed the jury, in substance, that if they found that the collision was caused by any act of negligence on the part of the defendant, and that the plaintiff, as a proximate result thereof, was injured, to return a verdict for him; and the action of the court in those respects is assigned as error, and we sustain the assignments. (Evans v. Wabash Ry. Co., 222 Mo., 435, 121 S. W., 36; Gibler v. Quincy, etc., Ry. Co., Mo. App., 128 S. W., 791; Roscoe v. Metropolitan St. Ry. Co., 202 Mo., 576, 101 S. W., 32.)

If the plaintiff had merely charged in his petition that the defendant was guilty of negligence in permitting the two trains in question to collide, and that the plaintiff was unable to allege and prove the particular act or omission which constituted the defendant's negligence, the court's charge, and its ruling in refusing the requested instruction directing a verdict for the defendant would have been correct. But, inasmuch as the plaintiff saw proper to enter into details and specify particular acts or omissions as constituting the defendant's negligence, then by so doing he waived his right, which otherwise he would have had, to rely upon the doctrine of *res ipsa loquitur,* applicable to cases of this class. The rule on this subject is well stated in the following excerpt from the opinion of the court in the Gibler case, above cited:

"We do not hesitate to express the opinion, as was done on the former appeal, that the doctrine referred to might have been invoked by plaintiff had he relied solely upon a general charge of negligence against defendant, for it seems that the uncoupling of a freight train in the circumstances stated, while running over the tracks at the rate of twenty or twenty-five miles an hour, is such an unusual and extraordinary occurrence as to bespeak the want of due care on the part of the defendant in some respect or somewhere. It may be the negligence was in the operation of the locomotives, or it may be that in the construction or defective condition of the couplings, or it may lie in the defective condition of the roadbed; but, though the fact in and of itself indicates negligence, no one can say that it points to the engineer as the negligent party. As suggested, the fact may point to negligence, but what particular negligence it indicates is another question. The plaintiff in his petition points to the negligent acts of the engineers as those upon which he relies for a recovery, and fails to give any proof to sustain the charge. It is clear enough that, although the fact of the accident bespeaks negligence, no one can say that of itself it indicates or tends to prove negligence in the engineer any more than it tends to prove negligence in the condition or construction of the couplings.

"The general rule obtains to the effect that the specific acts of negligence pleaded and relied upon for recovery must be proved. Waldhier v. Hannibal & St. Jo. R. R. Co., 71 Mo., 514; Price v. St. Louis, etc., Ry., 72 Mo., 414; Bunyan v. Citizens Ry., 127 Mo., 12; 29 S. W., 842; Ely v. St. Louis, etc., Ry. Co., 77 Mo., 34; McGrath v. St. Louis Transit Co., 197 Mo., 97, 94 S. W., 872; Orcutt v. Century Bldg. Co., 201 Mo., 424, 8 L. R. A. (N. S.), 929, 99 S. W., 1062; Beave v. St. Louis Transit Co., 212 Mo., 331, 111 S. W., 52. In proper cases, when the allegation of negligence is general in character only and unaccompanied by a recital of the specific acts which go to the breach of duty relied upon, the doctrine of *res ipsa loquitur* may be invoked. The rule permitting a presumption of negligence to suffice for plaintiff proceeds on the theory that it is easily within the means of defendant to show there was no dereliction on his part, if such be the fact, while the plaintiff would labor under a great disadvantage if the burden to show the particular acts of negligence continued with him. Roscoe v. Metropolitan St. Ry. Co., 202 Mo., 576, 101 S. W., 32; Orcutt v. Century Bldg. Co., supra; Feary v. Metropolitan St. Ry. Co., 162 Mo., 75, 62 S. W., 452; Malloy v. St. Louis & S. R. Co., 173 Mo., 75, 73 S. W., 159; Gibler v. Q. O. & K. C. Ry. Co., 129 Mo. App., 93, 107 S. W., 1021; Briscoe v. Metropolitan St. Ry. Co., 222 Mo., 104, 120 S. W., 1162.

"There can be no doubt that one may join in his petition an allegation of general negligence with averments of specific acts touching the same manner of complaints. But when the petition contains a general allegation of negligence and proceeds to aver specific matters of fact as to the manner in which the mishap occurred, the specific averments are preferred and take precedence over the general allegation as to the same subject matter, and plaintiff is therefore required to prove the specific

allegations of fact as laid. The authorities all go to this effect. See Mueller v. LaPrelle Shoe Co., 109 Mo. App., 506, 84 S. W., 1010; McNamee v. Missouri Pac. Ry. Co., 135 Mo., 440, 37 S. W., 119; Waldhier v. Hannibal & S. J. R. Co., 71 Mo., 514. From these premises it is determined and the rule of practice obtains to the effect that where there is a general allegation in the petition as to the negligent breach of duty, and it is accompanied by averments of specific acts of negligence, touching the same subject matter, the rule of *res ipsa loquitur* will not apply, for by going into the specification of negligent acts plaintiff has shown his familiarity with the grounds of liability involved, and indicated not only his purpose, but his ability as well, to prove the same as laid. See Evans v. Wabash R. R. Co., 222 Mo., 435, 121 S. W., 36.

"Indeed, the general doctrine above referred to is portrayed in all of the cases where the verdict is sought to be sustained on the theory of *res ipsa loquitur*. In other words, in every case whether the petition contains a general allegation of negligence or not, if the averments point to the specific negligence relied upon for a recovery the plaintiff is required to prove the same as laid, and the doctrine of presumptive negligence may not be invoked. By averring specific negligence, plaintiff indicates his purpose to prove the same, and defendant is required only to defend against the acts of the particular negligent party pointed out in the pleading—in this case the engineer and those in charge of the train. See the following cases in point: Orcutt v. Century Bldg. Co., supra; Roscoe v. Met. St. Ry. Co., supra; McGrath v. St. Louis Transit Co., supra; Potter v. Met. St. Ry. Co., 142 Mo. App., 220, 126 S. W., 209; Evans v. Wabash Ry. Co., supra; Beave v. St. Louis Transit Co., supra.

"It therefore appears, in view of the allegations of his petition, that plaintiff may not invoke the doctrine of *res ipsa loquitur* even though his petition contains a general allegation of negligence, for the reason he saw fit to accompany such general allegation with specific allegations of negligent acts touching the same subject matter. Having chosen to thus specify the engineers and those in charge of the train as the negligent persons, he must prove the fact as laid in order to made a prima facie case; otherwise there appears a total failure to carry the burden which the law casts upon him.

"Having failed to prove any negligent acts whatever against the engineers or others in charge of the train, the judgment is unsupported by the evidence and should be reversed."

We are also of the opinion that the testimony referred to in the fourth assignment was not admissible, as it tended to show other negligence than that specifically alleged in the plaintiff's petition. However, as it is not clear from the bill of exceptions as to whether it was admitted or excluded, we do not reverse the case on that assignment.

The other assignments complaining of rulings made as to the admissibility of testimony have been considered and are overruled, as none of the points presented are regarded as tenable. However, the sixth assignment of error is sustained. It complains of the action of the

plaintiff's counsel and the plaintiff himself while on the witness stand. The bill of exception shows that while the plaintiff was testifying as a witness the plaintiff's counsel asked if he was a married man, and the plaintiff, before the defendant's counsel could object, answered yes. The plaintiff's counsel, as soon as objection was made, stated that he would not insist on the evidence if it was objected to, and immediately asked this question: "Any children?" and the plaintiff immediately answered, "yes." Whereupon the defendant's counsel objected, and the plaintiff's counsel said, "We withdraw that." The defendant's counsel then protested against the conduct of the plaintiff and his counsel in getting before the jury improper testimony before it could be objected to, and the court sustained the objection, and directed the plaintiff not to answer questions until the defendant's counsel had time to interpose objections. And thereupon the plaintiff's counsel asked the court to withdraw from the jury the answer to the last question, and the court instructed the jury to disregard that answer. The testimony was objected to as immaterial; and a bill was reserved to the conduct of the plaintiff and his attorney.

It is fair to assume that any lawyer having reputation enough to be employed in a case of this importance is aware of the fact that the plaintiff's right to recover, and the amount he may be entitled to recover, are in nowise dependent upon whether he is married or single, and has or has not children; and we have no doubt that the plaintiff's counsel was aware of that rule of law. It is also fair to assume that a lawyer of that intelligence is aware of the fact that the existence of a wife and children dependent upon a plaintiff who has sustained an injury as the result of a railroad wreck will be calculated to appeal to the sympathy of jurors. Whether or not such knowledge would influence a jury, after they had been admonished by the court not to consider it as testimony, is a matter of speculation about which there is no certainty. Hence we do not hesitate to hold that when, in cases like this, and when a large verdict has been obtained, and an attorney and his client have pursued the course that was pursued in this case, and have thereby apprised the jury of the fact that the plaintiff has a wife and children dependent upon him, they have acted in a manner which ought not to receive judicial sanction; and the only sufficient remedy for such misconduct is to require them to forego and surrender the verdict, which may have resulted from such wrongful conduct. (Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 550-552; Tucker v. Hamlin, 60 Texas, 174-6, 46 Am. Rep., 269; Smyth v. Caswell, 67 Texas, 575-7; McAuley v. Long & Co., 61 Texas, 80-1; City of Belton v. Lockett, 57 S. W. Rep., 687; Beaumont Traction Co. v. Dilworth, 94 S. W., 356.)

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*