SOUTHERN TRACTION CO. v. ELLIS.
(No. 5801.)

(Court of Civil Appeals of Texas. Austin. Oct. 17, 1917. Rehearing Denied Dec. 5, 1917.)

1. APPEAL AND ERROR ☜882(8) — EVIDENCE SECURED BY APPEAL—REVERSIBLE ERROR.
　　An assignment relating to evidence drawn out by appellant, and not of such a nature as to probably result in injury to him, presents no ground for reversal on his appeal.

2. CARRIERS ☜321(12)—INTERURBAN LINES— COLLISION—INSTRUCTIONS.
　　In an action for injury sustained by plaintiff's wife, a passenger in a collision between two interurban cars on defendant's road, an instruction that the jury must believe that a reasonably prudent person would have anticipated the injury to the wife as alleged was properly refused; the correct rule being that the wrongdoer is liable, if he could have foreseen that any personal injury might result, although he could not have foreseen the particular injury complained of.

3. APPEAL AND ERROR ☜742(5) — ASSIGNMENTS OF ERROR—QUESTIONS NOT GERMANE.
　　Under an assignment complaining of court's charge as to measure of damages, propositions as to negligence were not germane.

4. TRIAL ☜255(11)—SUBMISSION OF ISSUES— WAIVER.
　　Conceding that defendant was entitled to have the question of negligence submitted, he waived such right when he did not request the court to give an instruction upon that subject and except to the action of the court in refusing to do so.

5. TRIAL ☜280—SUBMISSION OF ISSUES—AFFIRMATIVE ERROR.
　　If defendant had the right to have the jury pass on the question of its alleged negligence, the failure to submit that question constituted no ground of .objection to a special issue as to damages.

6. APPEAL AND ERROR ☜882(9) — HARMLESS ERROR — CROSS-EXAMINATION — IRRELEVANT MATTERS.
　　In suit by plaintiff for injuries to his wife, defendant, who introduced testimony showing that the wife's eyesight was defective, cannot complain that cross-examination of witness up-. on the subject was permitted.

7. DAMAGES ☜132(1)—EXCESSIVE DAMAGES— SETTING ASIDE.
　　The undisputed evidence showing that severe injuries were sustained by a passenger in the collision, a verdict for $5,000 for such injuries is not so large as to warrant the appellate court in setting it aside or require a remittitur.

Appeal from District Court, McLennan County.

Action by Dee C. Ellis against the Southern Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Nat Harris and Allan D. Sanford, both of Waco, . for appellant. Alva Bryan and W. H. Stewart, both of Waco, for appellee.

KEY, C. J. This appeal is prosecuted by appellant from a judgment in favor of appellee for damages on account of injuries alleged to have been sustained by appellee's wife while a passenger on one of appellant's interurban cars running between Dallas and Waco, Tex. The undisputed proof shows that a head-on collision occurred between two cars on appellant's road; that appellee's wife was a passenger on one of the cars, and as a result of the collision sustained serious injuries.

In the charge to the jury the trial court charged properly upon the burden of proof. etc., and gave the following instructions, which are complained of under several assignments in appellant's brief:

"(2) Bearing the above definition in mind, you will answer the following special issue: Special Issue No. 1. What amount, if any, if paid now will be a fair and just compensation to plaintiff for the injuries, if any, sustained by his wife as the proximate result of the collision in question?

"(3) In this connection, you are instructed that you may take into consideration as elements of damage the nature and character of the injuries, if any, sustained by plaintiff's wife, whether permanent or otherwise; physical and mental pain, if any, suffered or that will probably be suffered by plaintiff's said wife in the future; such reasonable and necessary amount or amounts, if

any, as you may believe from the evidence to have been incurred by plaintiff for services of physicians, dentists, and for medicines, as the proximate result of such injuries, if any."

The first, second, third, and sixth assignments of error complain of the refusal of the trial court to give certain requested instructions directing the jury not to consider certain allegations in plaintiff's petition in passing upon special issue No. 1, which was the only question submitted by the court to the jury. The contention is that there was no evidence tending to prove the injuries alleged in the specified paragraphs of appellee's petition.

We cannot sanction that contention, because, in our opinion, there was testimony tending to support the averments referred to.

The fourth and fifth assignments in appellant's brief were abandoned in oral argument.

[1] The seventh assignment relates to evidence drawn out by appellant, and not of such a nature as probably resulted in injury to appellant, and therefore that assignment presents no ground for reversal.

[2] The eighth assignment relates to the refusal of the court to give an instruction requested by appellant, telling the jury that, before they could find a verdict for the plaintiff, they must believe from the testimony that a reasonably prudent person, in view of all the facts, would have anticipated that the plaintiff's wife would have suffered the injuries alleged in the plaintiff's petition.

That instruction was properly refused, as the rule of law sought to be covered by it does not require that the proof shall show that a reasonably prudent person would have anticipated the specific injuries alleged to have resulted from the wrong complained of. The rule is that the wrongdoer is responsible when the injuries complained of are the natural and probable result of the wrong, although such wrongdoer could not foresee that those particular injuries would result, if he could have foreseen that any personal injury might result.

The requested instruction, the refusal of which is complained of in the ninth assignment, was properly refused, because it was ambiguous, confusing, and argumentative. In fact, the language there used, while it might have found a proper place in argument by counsel to the jury, should not have been incorporated in the charge of the court.

The tenth assignment complains of the third paragraph of the court's charge as copied above. The only proposition submitted under that assignment asserts that the court should determine the issues that are made by the pleadings and evidence and distinctly present them to the jury, and instruct that body to consider only such issues. The correctness of that proposition may be conceded, but we hold that the court's charge is in substantial compliance therewith. At any rate, appellant has not point-

ed out any positive or affirmative error in the court's charge, nor complained of the refusal of the court to give requested instructions supplying material omissions.

[3] The eleventh assignment complains of special issue No. 1 contained in the charge of the court. The assignment does not point out any specific objection to the paragraph of the charge referred to, and the two propositions submitted under that assignment assert: First, that one suing for damages resulting from negligence cannot recover on the grounds of negligence not alleged in the petition; and, second, that where the petition alleges that the injury was the result of negligence, and thereafter sets up specific acts of negligence, recovery will be confined to the specific acts of negligence alleged, and the allegations of general negligence cannot thereafter be considered, and the failure of the court to restrict the jury to the specific allegations alleged is reversible error. Neither of these propositions is germane to the assignment of error. That assignment complains of the court's charge relating to the measure of damages, and in no wise dealing with the question of negligence.

[4] In replying to that assignment, counsel for appellee invoke the general rule that, when an injury results from collision between two trains or cars, negligence is presumed as a matter of law, and the question need not be submitted to the jury. The trial court seems to have tried this case upon that theory, as no question of negligence was submitted to the jury; and, if the plaintiff had not pleaded specific acts of negligence on the part of the defendant, the rule referred to would be applicable. M., K. & T. Ry. v. Thomas, 132 S. W. 974. But, if it be conceded that appellant was entitled to have the question of negligence submitted to the jury, it must be held that it waived that right when it did not request the court to give an instruction properly framed upon that subject, and except to the action of the court in refusing to do so.

[5] Appellant filed written objections to the court's charge, but the one copied in its brief as pertinent to the assignment under consideration was an exception to special issue No. 1, which, as above stated, related to the measure of damages, and not to the question of negligence. The objection was that special issue No. 1 ignored the fact that the plaintiff had alleged certain specific acts of negligence as being the proximate cause of the injuries, and it was proper and right that the question of defendant's liability be submitted to the jury for its determination. If it be conceded that appellant had the right to have the jury pass upon the question of its alleged negligence, still the failure of the court to submit that question to the jury constituted no ground of objection to special issue No. 1. As the court was submitting the case upon special issues, if the question of

negligence had been submitted, it should have been done separately and apart from special issue No. 1, and the finding of the jury upon either should have had no bearing upon the finding upon the other. The failure of the court to submit to the jury the question of negligence was an omission which did not constitute affirmative error, and did not in any wise affect the correctness of special issue No. 1 relating to the measure of damages.

[6] The twelfth assignment relates to the action of the trial court in not excluding certain testimony given by Dr. Schenck, as to the condition of Mrs. Ellis's eyesight. Mrs. Ellis testified that since the injury complained of she had suffered a great deal with headache, and Dr. Schenck seems to have been placed on the stand by appellant for the purpose of showing tnat her headaches may have been caused by the condition of her eyes, as to which no injury had been alleged by the plaintiff. Dr. Schenck testified, on direct examination by appellant, that he examined her eyes to determine whether there was any defect in the vision; that he discovered such defect; and, in substance, that a very marked defect in vision may produce a headache in sensitive people who are doing a great deal of eye work. On cross-examination the witness testified over appellant's objection as follows:

"Q. Dr. Schenck, the trouble you found with the sight (meaning the eyesight of plaintiff's wife), could you determine from your examination how long that condition had prevailed? A. I would presume that that condition had been present for an indefinite period of time, several years at least, because refractory air is due to the abnormal shape of the eyeball. Q. Is there any scientific way by which you can determine just the extent of time that that vision has been affected? A. I think not. Q. You cannot tell (you) that, can you? A. Unless it is the result of an injury."

On redirect examination, he said:

"Of course, defective vision might be due to an injury. I do not know whether the defect in the vision of Mrs. Ellis dated from the time of the accident or not. I did find a defective vision."

On recross-examination, he testified:

"I made no statement with reference to injury to the eyes. An injury to the eye has never manifested itself. There was a defect in vision. I have referred to the defect of vision being present. I did say that I did not know when that manifested itself. I do not know whether it dated from the time of the accident, or some other time."

Appellant objected to the testimony of Dr. Schenck as elicited by the cross-examination, upon the ground that there was no pleading that raised the issue of injury to Mrs. Ellis's eyesight, and therefore any evidence with reference to her eyesight was immaterial, irrelevant, and prejudicial; which objection the court overruled.

As shown by the foregoing statement, appellant and not appellee introduced the testimony showing the defective eyesight, and therefore appellant had no right to complain because the court permitted appellee to cross-examine the witness upon that subject. If it had been shown that counsel for appellee in argument to the jury asked for any compensation for injury to Mrs. Ellis's eye, or if complaint was made of the refusal of the court to give a requested instruction directing the jury not to allow such compensation, a different question would be presented.

The thirteenth assignment is predicated upon certain language used by appellee's counsel in the closing argument to the jury. If the language referred to impinges upon the rules invoked (which, however, we do not hold), it was not such a flagrant violation as entitles appellant to have the case reversed.

[7] The fourteenth and last assignment charges that the verdict for $5,000 damages is excessive. We have considered the testimony bearing upon that question, and, without undertaking to discuss it, have reached the conclusion that the verdict is not so large as to justify this court in setting it aside, or requiring a remittitur.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.