Similar facts were involved in People v. Keep, decided by the Supreme Court of Michigan, 123 Mich. 231, 81 N. W. 1097, in a case where one was in jail convicted of a misdemeanor, and, while not charged with a robbery, was aware such a charge might be filed against him, and it was held that his escape from jail was admissible on his subsequent prosecution for robbery.

Our conclusion is· that, as presented, the record discloses no error, and the judgment of the lower court· is therefore affirmed.

### On Motion for Rehearing.

Appellant in his motion assails the sufficiency of the evidence on the ground that the witnesses who identified appellant as one of the party participating in the robbery were unreliable. Several witnesses testified that a party of four men committed the robbery on several persons ; that they used firearms, and had their faces partly covered with a cloth or handkerchief in the way of disguise. Appellant was identified by positive testimony as one of the party, and as taking part in the robbery of the party named in the indictment. There is no question as to the sufficiency of the evidence if the jury believed it to be true, and it was their province, and not that of this court, to pass upon the credibility of the witnesses and the weight to be given their testimony.

The motion is overruled.

ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CLAYBON. (No. 274.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 1, 1917.)

1. RAILROADS ⟨⟩440—INJURIES TO ANIMALS —PLEADING—ALLEGATIONS—PROOF AND VARIANCE.

Where plaintiff alleged that the horse was killed by the negligent operation of defendant's train, ·he could not recover, in the absence of evidence showing such negligence.

2. RAILROADS ⟨⟩439 (1)—INJURIES TO ANIMALS—PLEADING—GENERAL ALLEGATIONS— FACTS PARTICULARLY WITHIN KNOWLEDGE OF ADVERSE PARTY.

Where plaintiff had to rely upon circumstantial evidence to establish the killing of the horse, and it would be impossible for him to allege the specific act done or omitted constituting negligence of defendant railway, he could rely upon a general allegation of negligence; it being the rule that, where acts are particularly within the knowledge of defendant and not with-

in the knowledge of plaintiff, plaintiff can rely upon a general allegation of negligence.

**3. RAILROADS** ⚖➞452 — KILLING OF STOCK — ATTORNEY'S FEES—PROOF OF VALUE.

In an action for the value of a horse killed by a locomotive or cars of defendant, plaintiff could not recover attorney's fees, without evidence as to what would be a reasonable attorney's fee under the statute.

**4. DAMAGES** ⚖➞174(2) — PROOF — MARKET VALUE.

In an action for the value of a horse killed by defendant's locomotive or cars, proof as to the value of the horse should be confined to its market value.

Appeal from Angelina County Court; E. B. Robb, Judge.

Suit by Amos Claybon against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Denman & Thomas, of Lufkin, and Marsh & McIlwaine, of Tyler, for appellant. Sam R. Sayers, of Lufkin, for appellee.

KING, J. This appeal is from a judgment against appellant, rendered in the county court of Angelina county, in the sum of $165; $150 as damages for the value of a horse alleged to have been killed on the 2d of September, 1916, by the carelessness and negligence of appellant, through its agents and employés in the operation of its trains, engines, and cars, and $15 as attorney's fee for the prosecution of the suit. The suit originated in the justice court, and was tried de novo on appeal to the county court; the pleadings in both courts consisting of plaintiff's demand, as follows:

The Saint Louis Southwestern Railway Company of Texas in Account with Amos Claybon.

1916, Sept. 2. To one horse killed by the trains, engines, and cars said company and by the careless and negligent operation of said trains, engines, and cars by its agents and employés..... $150.00
To attorney's fee for filing this suit.... 15.00
                                            ————
Total amount sued for........... $165.00

—with an additional oral plea "that demand had been made of the defendant as required by law for attorney's fees." The charging part of the citation as to negligence corresponds to the allegations in plaintiff's demand.

[1] The case must be reversed, because there is no testimony in the record showing the circumstances surrounding the killing of the horse. No witness who testified claimed to know the manner of the horse's death. The trial court did not require, in the issues submitted to the jury, that the jury find that the horse was killed by virtue of the negligence of the appellant, but submitted, for the determination of the jury, the ques-

tion only as to whether the horse was killed by the locomotives or cars of the defendant company while on the railroad track of the defendant company.

Proper assignments are presented, covering exceptions to the court's charge, as well as the submission of special charges, which were overruled by the court. Appellee, predicating his suit on the ground of negligence of the appellant, cannot recover in the absence of proof showing such negligence.

With reference to appellant's assignment complaining of the action of the trial court in not sustaining its general demurrer, we perhaps would not be willing to reverse the case upon that ground alone, inasmuch as the technical requirements of courts of record do not apply with the same strictness to pleadings in the justice court. We take the liberty, however, to suggest that plaintiff's additional oral pleading, that demand had been made of defendant as required by law for attorney's fees, could be more specific, so as to show that demand had been made upon the company as required by statute, so as to remove this difficulty on another trial.

[2] With reference to the proposition that the pleading is insufficient, because it alleges a mere abstract proposition that defendant was guilty of negligence in the operation of its train, we think that, under the circumstances of this case, the appellee having to rely upon circumstantial evidence to establish the killing of the horse, it would be impossible for him to allege the specific act done or omitted constituting negligence; it being the rule that, where acts are peculiarly within the knowledge of the defendant and not within the knowledge of the plaintiff, the plaintiff can rely upon a general allegation of negligence.

[3] Appellant's sixth assignment of error, setting up the fact that there was no testimony to authorize the jury to answer the issue that was submitted to them as to what would be a reasonable attorney's fee in the case, as there is no testimony in the record as to what was a reasonable attorney's fee in this case, must be sustained. There must be evidence introduced upon the trial as to what would be a reasonable attorney's fee under the statute. This statute, being a penalty, must be strictly construed.

[4] There are other matters complained of by appellant, but the case has to be reversed for the reasons assigned. In case of another trial, the proof as to the value of the horse should be confined to its market value. The other matters complained of are not likely to occur on another trial.

The judgment of the lower court is reversed, and the cause remanded.

⚖➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes