HINES, Director General of Railroads, v. WHITEMAN et al. (No. 9446.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 19, 1921.)

1. Carriers ⬳228(1) — Burden of proof on shipper where specific negligence was alleged.

Where shipper of hogs which were injured in transit alleged negligent delay, failure to feed and water, etc., an instruction that, if the hogs were received in good condition and delivered in an unduly damaged condition, the burden was on the carrier to show want of negligence, was improper; the rule as to presumption of negligence arising from such fact not applying where there are specific averments as to the negligence.

2. Trial ⬳352(4, 5)—Special issue as to injury to live stock improper as not confined to evidence and in not separating issues.

Where a shipper of hogs contended that they were injured by negligent delay, rough handling, and failure to feed, the following special issue, "Did defendant exercise ordinary care to transport the hogs within a reasonable time, with reference to the manner of handling the hogs and with reference to feeding and watering the hogs?" was improper, being so worded as to confuse the jury because not separating the issues of delay and failure to feed and water, and also in suggesting improper handling in the absence of any evidence thereof.

3. Carriers ⬳228(3)—Evidence that it was not customary to maintain facilities for feeding and watering in a small station inadmissible.

While ordinarily proof of a general custom of railroads to perform acts in a certain manner is admissible on the issue of negligence, yet, where a railroad company received a shipment of hogs and delayed forwarding them for 30 hours because of the movement of troop trains, evidence that it was not customary to supply facilities for feeding and watering animals at small stations, such as the point where they were received, is inadmissible.

4. Appeal and error ⬳1064(1)—Error in instruction as to burden of proof not harmless.

In an action for damages based on negligent delay in transporting a shipment of hogs, where it appeared that the delay was due to the movement of troop trains, and a finding of negligence carried with it a finding that the carrier should have anticipated the demand for the movement of troop trains and supplied additional crews to transport its ordinary traffic, error in an instruction casting on the carrier the burden of proof cannot be deemed harmless; it appearing without controversy that but for the necessity of moving troop trains the delay would not have occurred.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by W. W. Whiteman and another against Walker D. Hines, Director General of Railroads. From a judgment for plain-

tiffs, defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner, Alfred McKnight, and F. B. Walker, all of Fort Worth, for appellant.

C. A. Wright, of Fort Worth, for appellees.

DUNKLIN, J. On February 26, 1918, Whiteman & Williams shipped a car of 136 head of hogs from Avery, Tex., consigned to a livestock commission company at North Fort Worth, Tex. The shipment was made over the Texas & Pacific Railroad. They instituted this suit against Walker D. Hines, Director General of Railroads, acting under the authority of the United States government, to recover damages resulting from alleged negligent delay, rough handling, and failure to feed and water the hogs after they were received by the defendant at Avery; the allegation being made that, on account of such delay, rough handling, and failure to feed and water, the market value of the hogs upon their arrival at the stockyards in North Fort Worth, where they were sold, was greatly depreciated.

From a judgment in favor of the plaintiffs, the defendant has appealed.

There was no evidence which would warrant any finding by the jury that the hogs were roughly handled during shipment, but the evidence conclusively shows that the shipment was delayed beyond the usual time required; such delay consisting of about 30 hours in starting from Avery after the hogs had been loaded on the car, and several hours' further delay in transit between Avery and North Fort Worth. The hogs were not fed or watered from the time the defendant received them at Avery until they reached their destination; and by reason of such delays the market value of the hogs was depreciated.

The jury found that the delay in starting the hogs for shipment from Avery, after they were loaded on the car, was due "solely, directly, and proximately by the fact that the defendant's engines and train crew were engaged in the handling of troop trains," and that the delay in transit after the shipment left Avery was "caused as a sole, direct, and proximate result of the fact that troop trains were being moved over" a part of the division or track between Avery and North Fort Worth.

Another issue submitted and the finding of the jury thereon were as follows:

"(1) Did the defendant exercise ordinary care to transport the hogs in a reasonable time, with reference to the manner of handling the hogs and with reference to feeding and watering the hogs? Answer: No."

And in connection with that issue the court instructed the jury, in effect, that if the hogs arrived at their destination in a more shrunken and worn-out condition than would usually result to a shipment made of hogs of like quality for a like distance, then the burden was upon the defendant to show by a preponderance of evidence that he was not guilty of the negligence alleged by plaintiffs as a basis for recovery.

The proof showed that there was no shipper in charge of the hogs during transportation.

[1] In their petition plaintiffs based their right of recovery on the negligence of the defendant in the respects found by the jury as shown above; the petition containing special and specific allegations of such negligence. It seems to be a settled rule of decisions in this state that under such circumstances there was error in the court's instruction in placing the burden upon the defendant to show by a preponderance of the evidence that the defendant was not guilty of the negligence charged by plaintiffs, and for this error we think the judgment must be reversed. Yontz v. Mo. Pac. Ry. Co., 174 Mo. App. 482, 160 S. W. 832; Hurst v. St. L. & S. F. Ry. Co., 117 Mo. App. 25, 94 S. W. 794; K. C., M. & O. Ry. Co. v. James, 190 S. W. 1136; M., K. & T. Ry. Co. v. Thomas, 63 Tex. Civ. App. 312, 132 S. W. 974; Nabors v. C. & S. Ry. Co., 210 S. W. 276; Cudahy Packing Co. v. A., T. & S. F. Ry. Co., 193 Mo. App. 572, 187 S. W. 149; St. L. S. W. Ry. Co. v. Claybon, 199 S. W. 488. As shown by those decisions, the rule is otherwise where plaintiff does not attempt to point out the specific acts or omissions constituting negligence as a basis for his recovery, but alleges negligence generally, and thus invokes the benefit of the presumption of negligence, which may be indulged where the carrier receives the animals in good condition and delivers them in a damaged condition, especially if there is no shipper in charge.

[2] In view of another trial, we suggest further that issue No. 1, as submitted by the trial judge, is so worded as likely to confuse the jury, in that it does not separate the two issues of negligent delay and failure to feed and water. Furthermore, it also suggests, at least, the issue of improper handling during shipment, in the absence of any evidence tending to show rough handling.

[3] We do not believe there was any error in excluding the testimony offered by appellant to show that it was not customary for railroad companies to supply facilities for feeding and watering such animals at small stations like the town of Avery. We recognize that there is a general rule to the effect that proof of a general custom of railroad companies to perform acts in a certain manner is admissible on the issue of negligence, with respect to such an act, but we believe that it would be an unwarranted extension of that rule to apply it to the testimony now under discussion.

[4] The delay in shipment was primarily and chiefly the cause of the damage complained of, and the finding of negligence in

that respect is the main basis of the judgment. That finding of negligence necessarily includes a finding that the defendant should have anticipated a demand from the government for the movement of troop trains, and that additional equipment and trial crews should have been supplied for handling the usual traffic also. The proof showed without controversy that but for the necessity of moving government troops defendant would have had sufficient engines, cars, and train crews to have moved this shipment without delay. Under such circumstances we cannot say that the delay was so conclusively established as to warrant the judgment rendered, and thus render harmless the error in the charge.

For the reasons indicated, the judgment is reversed, and the cause is remanded.

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes