### CITY OF WACO v. ODLE. (No. 12.)*

(Court of Civil Appeals of Texas. Waco. Nov. 1, 1923. Rehearing Denied Jan. 3, 1924.)

**Appeal and error ☞1050(1), 1060(1)—Damages ☞170—Trial ☞125(1)—Evidence of plaintiff's support of parents and sister and counsel's comment held reversible error.**

In action against city for injuries from fall on defective sidewalk, the action of the court in permitting plaintiff, over defendant's objections, to prove by herself and her mother that plaintiff was a hard-working girl, and was taking care of her mother, her little sister, and invalid father, and in permitting plaintiff's counsel in his argument, over defendant's objection, to comment on such facts, and to eulogize plaintiff for taking care of her father, mother, and sister, *held* error, and highly prejudicial.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by Leo Estelle Odle against the City of Waco. From judgment for plaintiff, defendant appeals. Reversed and remanded.

John McGlasson, of Waco, for appellant. Spell, Naman & Penland, of Waco, for appellee.

BARCUS, J. Appellee sued the city of Waco for damages which she claimed to have suffered by reason of having fallen on a defective sidewalk in the city of Waco, and thereby sprained her ankle.

The court erred in permitting the appellee, over objections made by appellant, to prove by herself and her mother that appellee was a hard-working girl, and was taking care of her mother, her little sister, and invalid father, and in permitting counsel for appellee, in his argument to the jury, over appellant's objection, to comment on said facts, and to eulogize appellee in most glowing terms for taking care of her father, mother, and sister.

This testimony and the argument of counsel for appellee were highly prejudicial. Missouri, K. & T. Ry. Co. of Texas v. Hannig, 91 Tex. 347, 43 S. W. 508; T. & P. Ry. Co. v. Harrington, 62 Tex. 601; Railway Co. v. Lyde, 57 Tex. 505; City of Belton v. Lockett (Tex. Civ. App.) 57 S. W. 687; Gulf, C. & S. F. Ry. Co. v. Johnson, 99 Tex. 337, 90 S. W. 165; Dallas Ry. Co. v. Summers, 48 Tex. Civ. App. 474, 106 S. W. 891; Missouri, K. & T. Ry. Co. of Texas v. Thomas, 63 Tex. Civ. App. 312, 132 S. W. 974; St. L. S. W. Ry. Co. v. Kimmey (Tex. Civ. App.) 189 S. W. 550; Burrell Engineering Co. v. Grisier (Tex. Civ. App.) 189 S. W. 102; Trinity & S. Ry. Co. v. O'Brien, 18 Tex. Civ. App. 690, 46 S. W. 389; Wichita Falls & W. Ry. of Texas v. Asher (Tex. Civ. App.) 171 S. W. 1114.

In the case of Missouri, K. & T. Ry. Co. of Texas v. Hannig, supra, the Supreme Court, speaking through Chief Justice Gaines, said:

"The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside, and a new trial awarded."

The other assignments of error presented by appellant show no reversible error. For the error indicated, this cause is reversed and remanded.