## No. 2516.

## JOSEPH JOHNSON *v.* THE SABINE AND EAST TEXAS RAILWAY COMPANY.

1. STATEMENT OF FACTS.—When a statement of facts shows on its face that it is an imperfect statement of the facts in evidence, and also that it was not intended by either party that the cause should be decided on appeal upon the facts that are stated, no assignment of error based on a claim that a different judgment should have been rendered on the facts will be considered.

2. SAME—AGREEMENT OF COUNSEL.—An agreement between opposing counsel incorporated in the transcript, to the effect that the evidence found in the statement of facts contained in the transcript of another cause on appeal may be used in the Supreme Court, contemplates a mode of procedure not recognized by law and will be disregarded.

ERROR from Jefferson. Tried below before the Hon. W. H. Ford.

*Tom J. Russell,* for plaintiff in error.

*O'Brien & John,* for defendant in error.

STAYTON, ASSOCIATE JUSTICE. It is urged that the court erred in sustaining a demurrer to the plaintiff's petition, but the record does not show any such ruling, on the contrary the same was tried on its merits and the facts. There are no conclusions of fact and law found in the record, and hence the assignments based on supposed findings of particular facts can not be considered. The other assignments, in effect, claim that the evidence required a judgment for the plaintiff. There is a partial statement of the facts found in the record, and from these the court was justified in rendering a judgment for the defendant.

We, however, have not before us all the evidence that was offered on the trial, but we find it stated in the statement of facts that " by agreement of both parties the evidence which was taken by the stenographers at the trial of suit No. 952, Ben J. Johnson v. Sabine and East Texas Railway Company at the November term, 1885, of said court, was read to the judge of the following named witnesses for plaintiff and defendant." Who the witnesses were, and what their testimony, does not appear. What is termed the statement of facts shows upon its face that it is not a statement of the material facts given in evidence, and that it was not intended that the case should be decided here on the facts which do appear; hence the assignments of error which claim that a different judgment should have been rendered on the facts can not be considered.

We find a further agreement in the statement of facts to the effect that the evidence used in the case of Hadnot v. Sabine & East Texas Railway Company, tried in the same court in May, 1886, and before this court at a former term, is the same that was offered on the trial of this cause, so far as it goes, and it is agreed that the evidence found in the statement of facts in that case may be used in this without copying it into the transcript in this case.

The statute provides that " the transcript shall, except in cases hereinafter provided, contain a full and correct copy of all the proceedings had in the cause." (Revised Statutes, 1411.)

The exceptions relate to matters unnecessarily to bring before this court for a proper disposition of a cause, and to agreed cases. (Revised Statutes, articles 1413, 1414.)

If the parties desired to use in this court the evidence introduced in the case referred to in the agreement they should have made it a part of the statement of facts and had it copied, in its proper place, in the transcript in this case, and not having done so it will not be looked to for any purpose. The statute does not recognize such procedure as appears in this case and this court can not.

There is no error apparent from the record before us and the judgment will be affirmed.

*Affirmed.*

Opinion delivered February 7, 1888.