MRS. ELLA FOX v. M. C. BRADY ET AL.

No. 47.

1. **Bill of Exceptions.**—A bill of exceptions to the exclusion of evidence should show that the evidence was excluded, and upon what objection, and that exception was taken to its exclusion.

2. **Common Source of Title—Married Woman's Deed.**—The fact that both parties claim through the same deed to a married woman as a common source of title, will not preclude the defendant from showing that the land thereby conveyed was community and not her separate property.

3. **Wife's Deed of Community Property Without Joinder of Husband.**—It seems that where the title to community property is in the wife, she may by the consent of the husband dispose of it without his formally joining her in the conveyance.

4. **Presumption of Community Property.**—Where a deed is made to the wife, and there is no language in the deed tending to show that it is the separate property of the wife, the presumption is that it is community property.

5. **Charge of Court—Special Instruction to be Given, when.**—Although the court may have charged in a general way upon a given issue, yet if this be the determinative issue of the case, it is the duty of the court to give a requested charge pertinently applying the law to the facts in evidence relating to such issue.

6. **Limitations—Married Woman.**—Where a married woman conveys land which is her separate property, by deed in which her husband does not join, limitation will not run against her and in favor of the purchaser while she remains married.

7. **Practice on Appeal — Issue Waived.** — Where appellees in their brief seek to sustain the judgment on the ground that they are innocent purchasers, and it appears that this defense was alleged by them in the trial court, and proof offered in support of the plea, but the issue was not submitted to the jury, and there is nothing in the record to show that the court refused to so submit the issue, the appellate court is not properly called upon to announce any conclusion upon it.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Smith & Davis* and *W. D. McKay*, for appellant.— 1. Appellees deraign title through Mary M. Wynne; and the legal title being in Mary M. Wynne, and appellees failing to show any outstanding equity with which they connect themselves, can not set up that it was community property of Mrs. Wynne and her husband. Edwards v. Brown, 68 Texas, 333; Peters v. Clements, 46 Texas, 125.

2. Because it is shown by the undisputed evidence that both the plaintiff and defendants claimed the land through Mary M. Wynne, the defendants could not set up title in Mary M. Wynne's husband to defeat plaintiff's recovery. Glover v. Tharas, 12 S. W. Rep., 684; Sedg. & Wait on Trial of Title, 2 ed., sec. 803.

3. The court erred in failing to give plaintiff's second special charge, in effect, that Peter W. Wynne could donate property to his wife, and if he intended this land as a donation to her at the time the deed was made to her, that such intention made it her separate property. Peters v. Clements, 46 Texas, 125; Smith v. Boquet, 27 Texas, 513; Higgins v. Johnson, 20 Texas, 396.

*Bledsoe, Patton & Brown* and *Poindexter & Padelford*, for appellees.— 1. The chain of title introduced by appellant for the purpose of showing title from a common source, to-wit, Mary M. Wynne, and also introduced by appellees to show title in them (appellees) both by deed and under the statute of limitations, does not show common source of title, so as to preclude appellees from asserting and claiming that the title of said property sued for was the community estate of Peter W. Wynne and wife Mary M. Wynne, or from objecting to the oral declaration of said Wynne and wife in disparagement of the apparent community character of the title to said land. Wallace & Co. v. Campbell, 54 Texas, 87; Linn v. Willis, 1 Posey's U. C., 158; Sebastian v. Martin, Brown & Co., 75 Texas, 291.

2. The deed from Chambers, as agent of Henderson, of the land in controversy to Mary M. Wynne, who was then the wife of Peter W. Wynne, showing that it was for a money consideration, the execution by Mary

M. Wynne and her acknowledgment of a deed to said land before her said husband, to Benjamin F. Fox, and also the subsequent execution of a deed by said Fox to Jeff Wright to said land, which said last deed was also written by, and the acknowledgment thereto taken by and before, said Peter W. Wynne, was sufficient to pass and did pass to said Jeff Wright all the title of said Mary M. Wynne and Peter W. Wynne in and to said land, and estops all parties claiming under them from disputing said title.    Cooke v. Bremond, 27 Texas, 457; Kirk v. Navigation Co., 49 Texas, 213; Edwards v. Brown, 68 Texas, 333, 334; Thomas v. Chance, 11 Texas, 637, 638; Berry v. Wright, 14 Texas, 274; Zimpelman v. Robb, 53 Texas, 274.

3. A deed executed by a married woman, in which her husband did not join, it not appearing on its face that she is a married woman, will support limitation under the five years statute, and appellees' title to said land was complete under the statute before the institution of this suit. Fry v. Baker, 59 Texas, 404; Word v. Box, 66 Texas, 596; Hunton v. Nichols, 55 Texas, 230.

STEPHENS, Associate Justice.—In the year 1869, B. J. Chambers, as agent of Nat Henderson, conveyed to Mary M. Wynne a tract of 6 acres of land in the town of Cleburne, Johnson County, the deed reciting a cash consideration of $57.    At that time Mary M. Wynne was the wife of Peter W. Wynne, and they were living together as husband and wife, and that relation continued between them until about the year 1885 or 1886 (when Peter W. Wynne seems to have died), less than five years before the institution of this suit.    Mary M. Wynne died in December, 1887.    The deed on its face did not show that she was a married woman, nor did it show any fact which would make the land her separate property.    Chambers testified on the trial that he had no distinct recollection of the transaction, but that his recollection was that Peter W. Wynne requested him to make the deed to his wife Mary M. Wynne.    This deed to Mary M. Wynne was made in the summer of 1869, and in October of that year, in consideration of $1, and love and affection, she conveyed the property to her son-in-law, Benjamin F. Fox, the husband of appellant, which deed was acknowledged before her husband Peter W. Wynne, county clerk of Johnson County, and by him recorded; but he did not join her in the deed.    In the spring of 1870, Benjamin F. Fox conveyed the property to Jeff Wright, in consideration of $125, which deed was likewise acknowledged before and recorded by Peter W. Wynne, and the evidence also tended to show that he wrote this deed.    Thereafter appellees acquired different portions of the land under conveyances from and under Jeff Wright, for which they seem to have paid value, purchasing in good faith, without any actual knowledge of the facts which would

render their titles defective.   It was also admitted and proved that their possession was sufficient, in length and in character, to sustain their pleas of limitation of five and ten years, provided the statute of limitation was applicable to the facts of this case.   Benjamin F. Fox, the son-in-law, seems to have abandoned his wife, and refused to join in this suit.   Upon testimony sustaining these conclusions, the case was submitted to the jury, and upon their verdict in favor of appellees judgment was entered, from which this appeal is prosecuted.

The first assignment of error complains that the court erred in excluding portions of the depositions of Benjamin F. Fox and his wife Ella Fox, which portions are fully set forth in the bill of exceptions; but this bill, if indeed it can properly be called a bill of exceptions, does not show that the testimony was excluded, or that any objection was made to its introduction, nor that any exception was taken to its exclusion, if excluded.   It follows, under the well settled rules of practice, that this assignment can not therefore be sustained.

The second assignment of error complains of the following charge:

" The court instructs you, that if you believe from the evidence that the land sued for was the community property of Mary M. Wynne and her husband Peter W. Wynne, if you find she had a husband at the time she made the deed to B. F. Fox, and that her said husband took her acknowledgment to said deed; and shall also believe from the evidence that said Fox sold and deeded said land to Jeff Wright, and that Peter W. Wynne wrote said deed and took the acknowledgment of said Fox to said deed made to Wright, then you will find for defendants."

The objection to this and other charges, on the ground, as alleged by appellant, that because both parties claimed under the deed to Mary M. Wynne as a common source of title they were erroneous, we think is not well taken.   We can not perceive how the claim by appellees under this deed as a common source could be construed to be inconsistent with their claim that the property conveyed was community property.   We are of opinion, however, that the charge is erroneous as being upon the weight of the evidence.   It seems to have been held at an early day in this State, that where the title to community property is in the wife, she might, by the consent of her husband, dispose of it without his formally joining her in the conveyance.   Thomas, Admr., v. Chance, 11 Texas, 634; Berry v. Wright, 14 Texas, 274.   Doubtless this was the principle which the court intended to embody in the charge quoted above.   We think, however, that he should have left it to the jury to infer the consent of the husband from the facts and circumstances introduced in evidence, and not have instructed them, in effect, that the facts from which they might infer such consent amounted as a matter of law to consent.

The refusal to give appellant's first special instruction, of which complaint is made in her third assignment, was not error, because this requested charge contained the erroneous theory of appellant in relation to the doctrine of common source of title indicated above.

The remaining assignments, to-wit, the fourth and fifth, complain further of the court's charge, and of the refusal to give appellant's second special instruction. We are of opinion that this special instruction should have been given. While, as copied in the transcript, it contains some verbal inaccuracies, it substantially requested the court to charge the jury that if it was the intention of Peter W. Wynne when the land was conveyed to his wife to donate it to her, it would amount to a gift and make it her separate property. It is true that in the court's charge the jury were instructed in a general way that if the land was given to her by her husband it would be her separate property, but we think that this did not sufficiently direct the mind of the jury to the purpose of Peter W. Wynne in having the conveyance taken in the name of his wife, and especially so, in view of the further charge given by the court, that where a deed is made to the wife and there is no language in the deed tending to show that it is the separate property of the wife, the presumption is that it is the community property of the husband and wife.

Plaintiff's case in the trial court depended upon a proper determination of this issue as to whether the presumption of community property was rebutted by proof showing that in taking the deed in the name of Mary M. Wynne the intention was to make it her separate property. The fact that Peter W. Wynne requested the deed made in that way, and the further fact that only a few months thereafter his wife, without his joinder, and apparently with his consent, made a deed of gift of the property to her son-in-law, were proper matters for the consideration of the jury, under a proper instruction, in arriving at the intention of Peter W. Wynne in having the deed taken in the name of his wife. Higgins v. Johnson, 20 Texas, 396; Smith v. Boquet, 27 Texas, 507; Peters v. Clements, 46 Texas, 125.

We are further of opinion, that in submitting the statute of limitations the court should have qualified the charge by submitting in connection therewith appellant's replication to the plea. That is to say, if the jury should have found that the property was the separate property of Mary M. Wynne, then they should have been instructed that the statute of limitations would not be a defense, if they should find that Mary M. Wynne continued to be the wife of Peter W. Wynne up to and within less than five years before the filing of the suit. We call attention to this with a view to another trial.

Appellees in their brief seek to sustain the judgment on the ground that they were innocent purchasers. This defense was alleged by them in the trial court and proof offered in support of their pleas. The issue,

however, was not submitted to the jury, and there is nothing in this record to show that the court refused to submit this issue to the jury. We do not, therefore, feel called upon to announce any conclusion upon it. As to whether appellees could avail themselves of this defense, under the facts disclosed by the record, we do not decide, as we would not be warranted in presuming that the court upon another trial would not properly pass upon this issue.

On the grounds stated above, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 6, 1892.