RIPLEY v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.

(Court of Civil Appeals of Texas. Galveston. March 23, 1912.)

1. APPEAL AND ERROR (§ 751*)—ASSIGNMENT OF ERROR—PROPOSITIONS AND STATEMENTS.

An assignment of error complained that plaintiff was allowed to ask what were the terms of contract between the defendants, over objection that the contract was the best evidence "as appears by bill of exceptions No. 3," and the proposition under it was that it was the court's duty to construe the contract. The bill of exceptions showed evidence by the witness as to who paid for some of the materials required by the contract, and that some of the work was not done in accordance with the plans and specifications, admitted over objection that it was irrelevant and that it tended to contradict the written contract. *Held*, that the assignment should be overruled for lack of support in the record; the objection in the assignment and proposition not being that taken at the trial, and the evidence objected to having no tendency to show the terms of the contract by parol.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039–3042; Dec. Dig. § 751.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERRORS—SUFFICIENCY.

An assignment of error, which complains of the court's action in admitting evidence over objection that it was inadmissible and did not tend to prove any issue involved, will be overruled, where the statement under the proposition does not attempt to set out the testimony or to comply with rule 31 (67 S. W. xvi) for preparing briefs, and where the bill of exceptions to which it refers shows that the evidence referred to was admitted without objection, and the court overruled a motion to strike the testimony on the ground that it came too late.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. EVIDENCE (§ 354*) — DOCUMENTARY — ACCOUNT BOOKS.

Where, in liability insurance policies, the amount of premiums to be paid were to be reckoned upon the estimated pay roll of men employed on a building, statements from the books of the constructor, which showed the amount paid to each class of workmen referred to in the policies, were proper to prove the amount of premiums due in an action to recover a balance thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

4. FRAUDS, STATUTE OF (§ 23*)—PROMISE TO PAY DEBT OF ANOTHER.

Where the owner of a building under construction procures his superintendent of construction to take out employer's liability insurance in his own name, but for the owner's account, his parol agreement to pay the premiums thereon is not within the statute of frauds as a promise to pay the debt of another.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 18, 19; Dec. Dig. § 23.*]

5. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

Where, in an action for a balance of premiums due on a policy of liability insurance, the liability of the defendant was made to depend upon his having had the policies issued for his own account and at his own expense, and the constructor of a building for him, in whose name the policy was issued, was merely his agent in securing the policy, instructions on the rights and obligations of an independent contractor were properly refused as inapplicable to the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

6. APPEAL AND ERROR (§ 877*)—PARTIES.

An appellant could not have a judgment reversed as to a codefendant without making him a party to the appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by the Ocean Accident & Guarantee Corporation, Limited, against Daniel Ripley and another. From a judgment for plaintiff, Daniel Ripley appeals. Affirmed.

O. T. Holt and L. M. Williamson, both of Houston, for appellant. C. R. Wharton, of Houston, for appellee.

REESE, J. The Ocean Accident & Guarantee Corporation, Limited, instituted this action against Daniel Ripley and C. C. Wenzel to recover balance of premiums due upon certain accident insurance policies issued by the company, in the name of C. C. Wenzel, to cover accidents to mechanics and laborers upon a certain building then in course of erection in the city of Houston. The building belonged to Daniel Ripley. The policies were issued in the name of C. C. Wenzel, who was engaged in the construction of the building. Ripley claimed that Wenzel was an independent contractor and took out the policies for his own protection, and that he was in no way liable. Wenzel claimed that he was simply foreman of the work and was to receive 10 per cent. of the cost of the building for his services as such, that the policies were taken out at the special instance of Ripley for his own protection, and that it was expressly understood and agreed that Ripley was to pay the premiums. Wenzel's name was used because Ripley did not care to be known as beneficiary for reasons not material here. The controversy between Ripley and Wenzel was before this court and was decided in favor of Wenzel. Ripley v. Wenzel, 139 S. W. 897. In the present case plaintiff sued to recover the premiums of Ripley, and in the alternative sought to recover of Wenzel. Both parties denied liability. Ripley claims to have set up by his pleading a cross-demand against Wenzel in the event the plaintiff should recover against him, but the trial court declined to submit the issue on the ground, as

---

we are advised by the briefs, that it was not raised by the pleadings. The issues as between plaintiff and defendant Ripley were submitted to the jury, who returned a verdict for plaintiff for the amount sued for, to wit, $2,349.89. Judgment was rendered on the verdict for plaintiff against Ripley for this amount, and in favor of Wenzel, and further that Ripley take nothing on his cross-action against Wenzel. Motion for a new trial was made by Ripley and overruled. He gave notice of appeal and filed appeal bond payable to the Accident Company, alone, and brings the case to this court on such appeal.

The real issue in the case, and the only issue submitted to the jury, was whether Ripley, either through himself or through Wenzel, as his agent in that behalf, and under Ripley's express authority, procured the issuance of the policies in Wenzel's name for account of said Ripley, or whether Wenzel procured the issuance of the policies in his own name and for his own account. The jury was expressly instructed that if Ripley did not make any agreement or contract by which he agreed to pay the premiums, or if he did not authorize any one to take out the policies for his benefit, or for the benefit of Wenzel at Ripley's expense, they should return a verdict for defendant Ripley. Upon this issue we find, as a conclusion of fact from the evidence, that Ripley procured the issuance of the policies for his own account and against the wish of Wenzel, and upon the understanding and agreement that he was to pay the premiums. We further find that there was due as a balance upon said premiums the amount for which judgment was rendered.

[1] By the first assignment of error appellant complains of the ruling of the court "in allowing plaintiff to ask, on cross-examination of defendant Daniel Ripley, what were the terms of the contract made and entered into by him and C. C. Wenzel to construct the Savoy on Main street in the city of Houston, over the objection of appellant; the objection being that the contract was the best evidence, as appears by bill of exceptions No. 3 on page 47 of the transcript." The proposition stated under the assignment is that it was the duty of the court to construe the contract, and no witness should be permitted to invade the province of the court in this particular. Referring to the bill of exceptions, we find that it does not in any sense support the assignment. The testimony offered was as follows: Ripley, being under cross-examination, was asked by plaintiff: "Who paid for the brick? A. Wenzel most of it. I paid for some. Q. Who paid for the cement? A. Wenzel. I paid for some of it." Ripley objected to this line of questioning because it did not prove any agreement to pay the premiums on the policies and was irrelevant and immaterial. It was further objected that the evidence was a contradiction of the terms of the written contract. The objection was overruled, and Ripley was required to answer that part of the material was purchased by him and part by Wenzel, and that some of the work done on the building was not done according to the plans and specifications. We fail to find in the entire bill anything to support the specific matter set out in the assignment or the proposition. No such objection was made to the testimony as is set out in the assignment, nor did the evidence tend to establish by parol the contents of the written contract. The assignment, not being supported by anything in the record, must be overruled.

[2] By the second assignment of error appellant complains of the action of the court in requiring Ripley to state what was done under and by virtue of a contract made between him and C. C. Wenzel, over the objection of defendant Ripley that the evidence was inadmissible and did not tend to prove any issue involved, as shown by bill of exceptions No. 4. The bill of exceptions does not reflect the ruling complained of in the assignment. As qualified by the court, it appears that the evidence referred to in the bill was admitted without objections, and that afterwards counsel for Ripley asked that the testimony be stricken out, which the court refused to do because the objection came too late. The statement under the proposition does not attempt to set out the testimony, or in any way to comply with rule 31 (67 S. W. xvi), for the preparation of briefs. The assignment does not present the real question presented by the bill of exceptions, which was whether the court erred in refusing to strike out the evidence, admitted without objection, on the ground that the request to strike out came too late. The assignment is overruled.

[3] The third assignment presents the objection that the plaintiff failed to prove by legal testimony the amount of premiums due on the policies. The premiums to be paid were reckoned upon the estimated pay roll of the men employed upon the building. Evidence was admitted, without objection, from the books of Wenzel, which showed the amounts paid each class of workmen referred to in the policies. The statements from the books, which had the approval of Wenzel, are copied in the statement of facts, and sufficiently show the amount of such pay rolls, upon which the amounts due for premiums were properly estimated, in accordance with the terms of the policy. No reference to this evidence is made in the statement under the assignment. No objection is made to it, nor is there any specific objection made that it is insufficient to establish the facts which it was offered to prove. There is no merit in the assignment.

[4] The fourth assignment of error is as follows: "The court erred in the following paragraph of its charge"—followed by the entire charge of the court, consisting of four distinct and numbered paragraphs. We do not see how such an assignment can properly be considered. From the proposition advanced we gather that the objection to the charge is that it assumes that Ripley procured for his own account the issuance of the policy, or that Wenzel was authorized to do so by Ripley for his (Ripley's) account. An examination of the entire charge discloses that it is not subject to this objection. The matters referred to were clearly and positively presented to the jury as issues of fact to be decided by them, and there is not a word in the entire charge that lends color to the objection made. The further objection that, if Ripley made the contract upon which appellant was authorized to recover according to the charge of the court, such contract would have been to pay the debt of Wenzel, and so void by the statute of frauds, is without merit. The contract embraced in the court's charge as a basis for recovery was one made by Ripley for his own account, whereby he himself procured the issuance of the policies, agreeing to pay the premiums, or that Wenzel did so for him and by his express authority. Upon such a contract Wenzel was never liable. The statute of frauds ·has no application thereto.

[5] There was no error in refusing to give the charge requested by appellant as set out in the ninth assignment of error, in which the rights and obligations of an independent contractor are defined. The charge had no application to any issue in the case. Appellant's liability to appellee, the Accident Company, was made to depend upon his having had the policies issued for his own account and at his own expense. In such case it was immaterial whether Wenzel was an independent contractor or merely foreman or superintendent of the job.

[6] All of the other assignments of error complain of alleged errors relating to the case as against Wenzel, either in behalf of the Accident Company or in behalf of Ripley on· his cross-action. They have nothing to do with the case between appellant and appellee, and could only affect the judgment in favor of Wenzel. Wenzel is not a party to this appeal. The appeal bond is not payable to him, and appellant cannot on this appeal have such judgment revised. The only possible effect of the remaining assignments would be to reverse the judgment as to Wenzel, and appellant is not entitled to have that done without making Wenzel party to the appeal bond.

We find no grounds for reversing the judgment, and it is therefore affirmed.

Affirmed.