HENDERSON v. McDANIEL. (No. 5651.)

(Court of Civil Appeals of Texas. Austin. May 31, 1916.)

1. BILLS AND NOTES ☞481—PLEADING—ADMISSION—EFFECT OF.

In an action on a note, where the answer did not deny the averments of the petition that plaintiff was a bona fide purchaser for value without notice and before maturity, but set up other facts as a defense, those averments were admitted, and unless the defense was good, the holder was entitled to judgment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1530–1532, 1559–1561; Dec. Dig. ☞481.]

2. BILLS AND NOTES ☞373—BONA FIDE PURCHASERS—DEFENSES.

The defense that a note was procured through fraudulent representations, and that after execution of the note the payee refused to redeliver it, or to carry out his agreement, is not good as against a bona fide purchaser for value and without notice before maturity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 966–970; Dec. Dig. ☞373.]

Appeal from Brown County Court; Frank H. Sweet, Judge.

Action by Upton Henderson against J. S. McDaniel, begun in justice court and appealed to county court. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

RICE, J. Appellant brought this suit in the justice court of Brown county against appellee, to enforce the collection of two promissory notes executed by the latter, each for the sum of $75, of date October 11, 1905, and payable to the order of John W. Staton, bearing 10 per cent. interest from date, one payable October 1, 1906, and the other October 1, 1907, providing for the usual attorney's fees in the event of suit thereon; alleging that thereafter, and before maturity, said John W. Staton transferred the notes for a valuable consideration to S. N. McDaniel, who thereafter, before maturity thereof, sold and transferred both notes to appellant for a valuable consideration, without notice of any defense thereto. After general demurrer and plea of limitation, appellee, by sworn answer, alleged that the notes sued upon were procured from him by Staton by fraudulent representations, whereby he was induced to sign the same, the substance of which was that Staton agreed with him to enter into a written contract, whereby he would obligate himself to return to defendant the notes sued on at his request, if for any reason he could not work the patent right territory for which the notes were given in payment; that, relying upon said agreement, he signed the notes, and demanded from Staton such contract and agreement; that the notes, when signed were in a blank book, and that Staton took the book from his hands, saying that he had to have it to write on, and, after procuring said notes, refused to execute and deliver to him such contract, whereupon he immediately demanded the return of his notes, which Staton refused to deliver to him, or to execute said contract. There was a trial before the court without a jury, resulting in a judgment in favor of appellee, from which appellant appealed to the county court, where the case was continued from term to term, until April 26, 1915, when it was dismissed for want of prosecution, but, at the succeeding June term, the case, upon the application of appellant, was reinstated, and subsequently an amended answer was filed on the part of appellee, setting up substantially the same defenses urged in the justice's court, but said answer contained no general denial or special denial of the material allegations of appellant's petition.

[1] On the 21st of July, 1915, the case was submitted to the jury on special issues, upon the answers to which judgment was rendered for appellee after the court, however, had first overruled appellant's motion to set aside the special findings of the jury, as well as his motion to have the court make its findings on the undisputed facts upon which issues were not submitted to the jury, from which judgment appellant prosecutes this appeal, urging by his first assignment that the court erred in rendering judgment for appellee, and in not rendering judgment for him on the admitted facts under the pleadings that the appellant was the owner and holder of the notes sued on; that he purchased same from S. N. McDaniel before maturity of either, paying value therefor; that they were past due and unpaid, and on the special findings and verdict of the jury based on uncontroverted evidence that appellant had no knowledge or notice, at the time or before the time he obtained said notes, of any claim of invalidity therein; urging by his proposition thereunder that appellee, by failing to deny, admitted the truth of appellant's allegations that the notes sued upon were executed by appellee; that appellant had purchased same in good faith for value before maturity; and that the notes were past due and unpaid.

We deem this a sound proposition. See Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471; Mentz v. Haight, 97 S. W. 1076; Wabash R. R. Co. v. Newton, Weller & Wagner Co., 110 S. W. 992. The rule seems to be well settled that a material allegation in the pleading which is not traversed is so far admitted that it is not competent for either party to disprove it. The failure on the part of appellee to deny appellant's contention that the notes were transferred to him for value before maturity, without notice of the defects therein, was tantamount to an admission of the truth of such allegations. This being the law, appellant was entitled to a judgment in his favor, provided, of course, the special defense urged on the part of appellee was not well founded.

[2] We may say in passing, however, that the uncontradicted evidence seems to support appellant's contention that he is an innocent purchaser for value before maturity, and without notice of the defense urged. By the making and delivery of the notes to Staton, appellee placed it in the power of the former to make just such disposition of them as appellant claims was done in this case. While the defense urged by appellee would be good as between him and Staton, still, it cannot be held to be such as against appellant, the admitted bona fide purchaser for value, before maturity. See Mulberger v. Morgan, 34 S. W. 149; Texas Banking & Inst. Co. v. Jas. D. Turnley et al., 61 Tex. 365; Davis v. Gray, 61 Tex. 506; Worsham v. State, 56 Tex. Cr. R. 253, 120 S. W. 439, 18 Ann. Cas. 134; Hardie & Co. v. Wright et al., 83 Tex. 345, 18 S. W. 615; Garlitz v. Runnels Co. Natl. Bank, 152 S. W. 1151; Thompson v. Samuels (Sup.) 14 S. W. 143; State Bank of Chicago v. Holland, 103 Tex. 266, 126 S. W. 564.

Believing that the court erred in rendering judgment on the verdict in favor of appellee, it becomes our duty to reverse the same and to here render judgment in favor of appellant; and it is so ordered.

Reversed and rendered.