## GUARANTY STATE BANK OF GOOSE CREEK et al. v. BRILL.*
### (No. 8386.)

(Court of Civil Appeals of Texas. Galveston. Nov. 13, 1924. Rehearing Denied Jan. 8, 1925.)

**1. Appeal and error** ⬦⟹773(3)—**Dismissal for violation of rules as to filing of brief unwarranted in absence of injury therefrom.**

Rules fixing time for filing briefs are to protect substantial rights and facilitate business of appellate courts, and should not be so rigidly construed as to require dismissal of appeal when no injury is shown to have resulted from their violation.

**2. Appeal and error** ⬦⟹773(3)—**Dismissal of appeal for delay in filing brief held unwarranted.**

Dismissal of appeal for failure of appellant to file brief until six days before hearing, *held* unwarranted, where brief consisted of but 17

---

pages covering five propositions, and appellee apparently had sufficient time within which to answer.

**3. Evidence ⬿253(1)—Testimony by plaintiff as to statements by one defendant affecting another's connection with alleged conversion, held inadmissible.**

In action for conversion of truck brought against plaintiff's vendor and bank to whom it was alleged he had transferred purchase-money notes, testimony by plaintiff as to statements by his vendor relative to the bank's connection, if any, with seizure and alleged conversion *held* inadmissible.

**4. Appeal and error ⬿176—Failure of one defendant to specifically deny agency of codefendant held not to preclude it from urging insufficiency of evidence of agency on appeal.**

In action by purchaser of truck against seller and bank with whom he had pledged purchase-money notes for alleged conversion of truck, failure of bank to specifically deny allegation that truck had been seized by its codefendant as its agent, *held* not to preclude it on appeal from insisting on insufficiency of evidence to show such agency.

**5. Judgment ⬿114—Permitting defendant to present defense is waiver of right to default judgment.**

Plaintiff having right to ask judgment by default, by permitting adverse party to urge its defense, and submitting case without objection, waives his right in such regard.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by V. Brill against the Guaranty State Bank of Goose Creek and others. From judgment rendered, named defendant and others appeal. Reversed and remanded.

Mark M. Carter, of Goose Creek, and Stevens & Stevens, of Houston, for appellants.

Taliaferro & Sonfield, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against H. Martin, A. V. Pace, and the appellant, to recover damages for the alleged conversion by defendants of an automobile truck belonging to appellee.

Plaintiff's petition alleges in substance that he was the owner of a certain Wichita 2-ton truck which he purchased from the defendant H. Martin about the 25th day of July, 1921, for the sum of $2,050, executing in part payment therefor two promissory notes in the sum of $150 each, dated July 25, 1921, and due, respectively, in 30 and 60 days from date, said notes being payable to the order of H. Martin, and that after its purchase he operated the truck in the transfer and carrying business between Houston and Goose Creek, and his net earnings from such operation was $240 per week; that about August 23, 1921, he saw defendant Martin at Goose Creek relative to paying off the notes, and said Martin told him that the notes had been sold to the defendant bank; that the plaintiff, about September 13, 1921, saw the defendant A. V. Pace, who was cashier of said bank, and that Pace informed him that the bank had purchased the notes, and that the first note was past due; that Pace stated the bank would extend the first note for 60 days if the plaintiff would pay $50 on the same; that several attempts were made by the plaintiff to see the defendant Pace with intention of paying off the first note, but on each occasion the said defendant was out; that about the 15th of September, 1921, the plaintiff was arrested and placed in jail in Houston, Tex., whereupon he turned over the said truck to one Price to operate for him, and that about said time the defendants Martin and Pace, as agents acting for said bank, took possession of said truck by exercising intimidation and force upon the said Price; that the plaintiff was dispossessed of the said truck and the same was converted to the use of the defendants.

Plaintiffs prayed for damages against the defendant bank in the sum of $4,000, the alleged value of the truck, and $240 per week from the date of the seizure of the truck to the date of the rendition of judgment, such sum being the alleged loss sustained by plaintiff by being deprived of the use of the truck in his carrying business, and the further sum of $5,000 as exemplary damages for the alleged wrongful and malicious seizure and conversion.

In the alternative, he prayed that should it be found that the defendants Martin and Pace were not acting for the defendant bank in the seizure and conversion of the truck, and that the bank was not liable therefor; that he have judgment "against defendant H. Martin or defendant A. V. Pace, either or both, as the case may be, in the amounts alleged above, and that the allegations made against the defendant bank apply and relate to said defendants Martin and Pace."

The petition admits plaintiff's indebtedness on the notes for $300 given by him in part payment of the purchase money for the truck, and asks that said sum and the interest due thereon be credited upon any judgment he may recover against either the bank or the defendants Martin or Pace.

The defendant Martin answered by a general demurrer and numerous special exceptions, the nature of which need not be here stated, and by a general denial. He further specially denied the allegations of the petition that he had sold the notes described in plaintiff's petition to the Guaranty State Bank of Goose Creek, or to the defendant A. V. Pace, and averred "that said notes were never transferred, assigned, or otherwise disposed of by defendant to any one, but that he is, was, and always has been the sole owner of said notes and both of them." He also

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

specially denied the allegations of the petition that plaintiff was making the sum of $40 per day by the operation of the truck, and that said truck was worth the sum of $3,000 and avers that plaintiff was not making anything by the operation of the truck, but same was being operated at a loss at the time it came into the possession of defendant, and that it was not worth more than the sum of $300.

The answer then specifically denies that the truck was forcibly or wrongfully taken from the possession of plaintiff's agent, L. G. Price, as alleged in plaintiff's petition, and avers in substance that the delivery of the truck to defendant by Price was not induced by force or threat on the part of defendant, but that Price voluntarily drove the truck to the garage of Wright & Herbert in Goose Creek, and took their receipt therefor to be held by them subject to the order and control of defendant. That said truck was thus peaceably turned over to defendant in compliance with the terms of a mortgage thereon executed by plaintiff to secure the notes described in plaintiff's petition. That, by the express terms and provisions of the mortgage, if default was made in the payment of the said notes, or if the holder of said notes should at any time feel unsafe or insecure in their payment for any cause—

"then said mortgagee, or his assigns, agent or representative is authorized at his option to declare all of said notes due, and to take actual possession of said property, and to sell same at public auction, for cash, at the courthouse door in Goose Creek, Harris county, Tex., with or without having possession of said property at said sale, after having given notice of the time, place, and terms of said sale, as the law now requires for sale of personal property under execution, and to apply the proceeds derived from such sale to the necessary and proper expense of such sale, then to the payment of said notes then remaining unpaid, the balance, if any, to be paid to said mortgagor or his order, as more fully set forth in detail in said chattel mortgage, a copy of which is hereto attached and marked Exhibit A, and made a part and portion hereof for the same purposes and to the same extent as if fully set forth herein.

"And in this connection defendant alleges, and would show the court, that the said two notes had not been paid, and that he had exercised his option for declaring the same due and payable as provided for in said notes and in his said mortgage; that defendant felt insecure for the reason that said truck was being used in such a manner that it was materially injuring same, and subjecting the same to unusual hazard in that same was being operated upon the highways without any tire on one of the rear wheels, and that plaintiff and his agents were greatly abusing and mistreating said property; that defendant felt that unless he exercised his power of sale as provided in said mortgage that the value of his security wold be greatly lessened and would not be sufficient to pay off his indebtedness in the sum as hereinbefore alleged; and that, under the terms of his mortgage as pro-

vided for in said notes, the defendant herein had the right to take actual possession of said property, and that after coming into possession of said car he had the right to exercise the power of sale therein granted and given unto him to sell said property as therein provided for."

It is then averred that after due notice as provided in the mortgage the truck was sold at public outcry before the courthouse door at Goose Creek on November 2, 1921, between the hours of 10 a. m. and 4 p. m. to one M. P. Minter, who bid therefor the sum of $300, which was the highest and best bid.

Defendant then pleaded in the alternative that if for any reason the sale of the truck should be held unlawful, that he have judgment on his notes with foreclosure of his lien upon the truck.

In reply to this answer, plaintiff filed a supplemental petition containing a general demurrer, special exceptions, general denial, and specially denying that the notes were due at the time defendant took possession of the truck, and alleging that if said indebtedness was due, that nevertheless the seizure of the truck by the defendant was a wrongful and unlawful conversion thereof, because it was not seized and sold under said mortgage in accordance with the provisions of the statute requiring notice of the time and place of the sale, and that the property be exhibited at the place of sale, but that said sale, if any took place, was a private sale "without compliance with the laws of this state concerning this character of sales and in fraud of plaintiffs' rights in the matter."

It is further alleged that if, as claimed by defendant, he had executed a mortgage which provided that in case of default of the payment of the notes the property could be sold at the courthouse door at Goose Creek, that such provisions of the mortgage was void for vagueness and failure to designate the place of sale, there being no courthouse at Goose Creek, and such sale could only have been lawfully made at the door of the courthouse of Harris county, which is in the city of Houston.

In response to this supplemental petition the defendants H. Martin, Guaranty State, Bank of Goose Creek, and A. V. Price, filed a pleading which they termed "their first supplemental original answer in answer to plaintiff's first supplemental petition." By this pleading the defendants demur generally, and specially except to the allegations of plaintiff's supplemental petition upon various grounds, and further plead as follows:

"For further answer herein if the same be necessary, without waiving the general demurrer and special exceptions, but still insisting on same, defendants deny each and every allegation in said pleading contained, and require strict proof thereof.

"That they be discharged with their costs, and for such other relief and decrees of the court as fully set out and prayed for in defendant's first amended original answer heretofore filed."

Plaintiff .filed a second supplemental petition which, in addition to a general demurrer, special exceptions, and general and special denials of the averments of defendants' answer, contains the following allegations:

'"That plaintiff admits signing some kind of instrument at the time of executing the two notes to said defendant H. Martin, but was unaware that same was a chattel mortgage. That same was represented, so plaintiff thought, as a bill of sale from him to defendant, H. Martin, on a certain Ford Sedan that was being traded as part consideration for said truck. That there was never read to him anything that mentioned a sale of this property 'at the courthouse door at Goose Creek, Texas.' That if any clause of this character was in said instrument no opportunity was given him to see it. That if it is true, as alleged in said answer of defendant H. Martin, that this instrument was a chattel mortgage and provided that in case of default in the payment of either note as it fell due, at the option of the holder thereof, this property was to be sold 'at the courthouse door at Goose Creek, Tex.,' said sale clause was void for vagueness and want of proper designation of the place where said sale was to take place. That it is alleged by plaintiff that this was not in the original instrument read to him, but was placed therein at·a later date by one of the defendants herein. That there is no place at Goose Creek, Tex., bearing the legal designation of 'the courthouse.' That the city of Houston is the county seat of Harris ·county, Tex., and the only city entitled by law to maintain a courthouse. That this clause being void, the sale, if any, could not take place except after proper foreclosure proceedings instituted in a court of competent jurisdiction in this county."

The cause was submitted to a jury in the court below upon special issues, and in response to issues submitted, the jury found, that the chattel mortgage was altered after its execution by plaintiff, by the insertion of the words "in Goose Creek"; that the notes for $150 each, executed by plaintiff to Martin and secured by the chattel mortgage upon the truck, were transferred by him to appellant bank; that said notes were owned by the bank at the time the truck was taken by Martin, and that in taking the truck Martin was acting for the bank. The value of the use of the truck from September 15, 1921, to date of. verdict was found by the jury to be $1,250.

Upon return of this verdict, the court rendered a judgment by which appellants' claim for $300, the amount of the two notes, was offset by the value of the truck, which the court found to have been $300 at the time it was taken by Martin, and adjudged that plaintiff should have and recover of and from the appellant bank the sum of $1,250, and that he take nothing against the other defendants.

At a former term of this court, this case having been set for submission on May 3d, appellants' attorney, on April 24th before the date on which the case was set for submission, filed a motion to postpone .the submission for two or three weeks. This motion recites:

That appellants' attorney had an agreement with the attorney for appellee by which the filing of briefs in the district court within the time ·required by the statute was waived, and in lieu thereof the "usual and customary agreement to . furnish opposing counsel with a copy of briefs within a reasonable time" was made. That on January 9th appellants' attorney communicated with the clerk of this court and inquired when the case would likely be set for submission, and was informed that it would not be reached before the summer and probably not until the fall. "That said counsel expected to have said brief for appellants prepared by the 1st of May, and did not 'learn until the 20th inst. that the case had been set for May 3d. Appellants' counsel at once took the matter up with appellee's attorney, requesting under the circumstances that the submission of the case be postponed for a reasonable time, but appellee's counsel declined to make such an agreement, wherefore said counsel for appellants moves the court to postpone the submission of this cause for several weeks, and in this connection he will agree to have his brief in the hands of adverse counsel not later than May 1, 1923. Said counsel, C. F. Stevens, further states that he has been practicing law since the year 1881, having during said period represented numerous cases on appeal, and that he has never yet been unable to postpone through agreement the submission of a cause under similar circumstances, and that it may be he has relied too much upon what he has always considered almost an unwritten law governing practice in the appellate courts. Said counsel, however, does not say this in criticism of counsel for appellee, but more in extenuation of his apparent tardiness in the premises."

The motion further recites that the appellants' attorney had been employed in other legal matters almost constantly since the appeal of this case.

Appellee, on April 25th, filed a motion to dismiss the appeal because of the failure of appellants to file briefs as required by the statute and rules of the court. This motion discloses that by agreement between the attorneys for the respective parties the filing of briefs in the lower court and notice thereof to appellee's attorneys were waived, but it was understood that appellants' briefs would be filed in the appellate court as soon as practicable, and a copy thereof furnished to appellee's attorney. On numerous occasions after the record was filed in this court the attorney for appellee requested appellants' attorney to prepare and file briefs, and was promised when each of these requests was made that it would be promptly com-

plied with. On April 20th, after notice of the setting of the case had been received by the attorney for each of the parties, appellants' attorney informed the attorney for appellee that he had just begun briefing the case, and requested that the submission be postponed. Appellee's attorney refused to agree to a postponement.

A copy of the appellants' brief which was filed in this court on May 2d was delivered to appellee's attorney on April 27th. On May 2d appellee's attorney filed a motion to strike out appellants' brief and dismiss the appeal on the grounds stated in their former motion of April 25th. This motion further recites that the attorney for appellee "who tried this case in the trial court, and who alone is familiar with the facts and law involved, was engaged in court during most of Saturday morning. At most, the time allowed for preparing and filing appellee's brief, under the circumstances, would be only three days, and it is respectfully submitted that three days is not sufficient time within which to prepare and file said briefs." Neither of appellants' motions was verified by affidavit.

All of the motions were taken and submitted with the case on May 3d. Appellee's attorney was present on the day of submission and argued his motion to dismiss, but declined to argue the case upon its merits.

Upon our first consideration of this appeal we reached the conclusion that the motion to dismiss should not be sustained, but were of opinion that there was sufficient evidence to sustain the verdict, and that no sufficient ground for reversal of the judgment was presented, and ordered the judgment affirmed. Thereafter, before filing our written opinion, we became convinced upon further consideration of the record that we had erred in our conclusion that there was sufficient legal evidence in the record to sustain the verdict, and upon our own motion set aside our former order of affirmance. Upon further consideration of the record, and finding therein no answer by appellant expressly denying the allegations of plaintiff's petition that its codefendants were acting as its agents in the seizure and conversion of plaintiff's truck, we became doubtful of appellant's right to urge in this court that the verdict of the jury upon this issue was not sustained by evidence. We therefore reset the case for submission, and requested argument upon this question.

In response to this request, attorneys for both parties filed briefs and oral argument upon the question. The brief and argument of appellee's attorney also presented and discussed the question of whether there was sufficient evidence to sustain the verdict, but this portion of the brief and argument was submitted with the reservation that by its presentation appellee did not intend to waive his right to have the appeal dismissed because of appellant's failure to file briefs within the time required by the rules.

In passing upon appellee's motion to dismiss this appeal, we have reached the conclusion that while appellant's attorney has failed to show "good cause" for not filing his briefs sooner, the facts disclosed by appellee's motion and by the record show that appellee had not reasonably suffered any material injury in the defense of the case in this court by the delay in filing of appellant's brief. The record is not voluminous, the statement of facts does not contain many pages, and the brief of appellant, which covers only 17 typewritten pages, and contains only 5 propositions, was delivered to appellee's attorney six days before the date of submission. Appellee's attorney does not state in his motion that he was otherwise so engaged that he could not by reasonable diligence have fully answered appellant's brief within the time intervening between its receipt by him and the submission of the case. He says he was otherwise engaged during most of one of these days, and that eliminating Sunday there remained only 3 days for the preparation of his brief, and "submits that 3 days is not sufficient time within which to prepare and file said briefs."

[1] The statement in a former opinion of this court quoted in appellee's argument, "that it is a substantial right of an appellee to have his cause submitted in its regular order, and to have 20 days after notice of the filing of appellant's brief within which to prepare and file an answer thereto," was not intended to be understood as entitling an appellee to have an appellant's cause dismissed for his failure to file his briefs in time to give appellee 20 days in which to reply thereto, regardless of whether such time was reasonably necessary for preparing and filing such answer. The rules fixing the time in which briefs should be filed were made for the protection of the substantial rights of the litigants, and to facilitate the business of appellate courts, but it was never intended by the rules to prescribe so harsh and rigid a penalty for their violation as to require a dismissal of an appeal when no injury to the appellee is shown to have resulted from their violation. Such construction of the rules would, we think, be unjust and contrary to the spirit of our jurisprudence.

[2] We do not think under the facts presented that we are required to dismiss this appeal, but that a just and reasonable exercise of our discretion justifies, if it does not require, that the motion be overruled. Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751.

[3] We have had no difficulty in reaching the conclusion that, eliminating the inadmissible testimony of plaintiff repeating statements made to him by defendant Martin to the effect that he, Martin, had nothing to do

with the conversion of the truck, and that it was taken by Pace, the cashier of appellant bank, there is no testimony which raises more than a mere surmise or suspicion that appellant had any connection with the conversion of plaintiff's truck. Other undisputed testimony shows that appellant never owned the notes, and that, while they were held at one time by it as security for a loan to Martin, this loan had been paid and the notes returned to him before the truck was taken in possession by Martin. The testimony of plaintiff as to the statements of Martin before set out was clearly inadmissible against appellant. The appellant objected to this testimony, reserved a proper bill of exceptions, and by proper assignment in this court complains of its admission. It goes without saying that this assignment must be sustained.

[4] The question of appellant's right, in the absence of an answer by it in the trial court denying the allegations of plaintiff's petition that his truck was wrongfully converted by it through its agents, Martin and Pace, to raise in this court the question of the sufficiency of the evidence to sustain a finding by the jury that the truck was so converted, is not entirely free from doubt. We have, however, reached the conclusion that since appellant, without objection by appellee, was permitted by its attorney to actively participate in the defense of the suit by joining in a supplemental answer, and by taking bills of exceptions to evidence and the charge of the court, and its right to deny its liability and defend the suit being thus recognized by appellee and the trial court, it should not be denied the right to defend in this court merely because the record does not disclose that it filed a written denial of liability in the trial court. If no such written denial was filed, the appellee must be held to have waived such formality.

[5] If the plaintiff could have asked a judgment by default against appellant in the court below, by permitting the appellant to urge its defense and have the case submitted to a jury without objection, he waived any right he might have had in this regard. The following rule is laid down in 23 Cyc., page 730:

"A plaintiff who means to take advantage of defendant's default must insist upon his right to do so; he waives the default if he voluntarily extends the time for defendant to take the required step, accepts a pleading filed too late, consents to a reference of the case, and allows the introduction of evidence, or goes to trial without objection."

It follows from these conclusions that the judgment of the trial court should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.