## BRILL v. GUARANTY STATE BANK OF GOOSE CREEK. (No. 746-4341.)

(Commission of Appeals of Texas, Section A. Feb. 17, 1926.)

1. Pleading ⟫129(1).

Material allegations of fact in petition, which are not denied by some proper pleading, are taken as admitted by defendant.

2. Pleading ⟫409(2)—Necessity of denial of petition held not waived by allowing one of joint tort-feasors to participate in trial without objection.

Where one of joint tort-feasors filed no pleading denying allegations of plaintiff's petition, plaintiff *held* not to have waived requirement of formal denial, by allowing that defendant, without objection, to participate in trial of case raised by denial and special defenses set up by another of defendants, and therefore failure to deny having effect of admission of truth of allegations, defendant cannot complain of judgment against it because of lack of proof of such admitted facts.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by V. Brill against the Guaranty State Bank of Goose Creek and others. Judgment for plaintiff was reversed on appeal by defendant named to the Court of Civil Appeals (268 S. W. 260), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Taliaferro & Sonfield, of Houston, for plaintiff in error.

Mark M. Carter, of Goose Creek, and Stevens & Stevens, of Houston, for defendant in error.

HARVEY, P. J. The plaintiff in error, V. Brill, brought this suit as plaintiff against one H. Martin and A. V. Pace and the defendant in error, the Guaranty State Bank of Goose Creek, as defendants, for damages alleged to have been sustained by plaintiff as the result of the conversion by the defendants of a certain automobile truck belonging to plaintiff in error. For convenience, the parties will be herein designated as in the trial court. Upon a trial had before a jury upon special issues, judgment was rendered in favor of plaintiff for $1,550 damages against the said bank, from which the latter prosecuted an appeal to the Court of Civil Appeals for the First District, which court reversed the judgment of the trial court. 268 S. W. 260. The case is now before us on writ of error.

The bank, in the Court of Civil Appeals, assailed the judgment which was rendered against it by the trial court on the ground, among others, that same was not supported by the evidence in that there was no sufficient evidence introduced by plaintiff showing that the bank had converted or had possession of said truck. The Court of Civil Appeals sustained such contention, and reversed the case on that ground.

In his petition filed in the trial court, the plaintiff alleged facts, which, if true, establish a wrongful conversion of plaintiff's truck by both Martin and the bank.

The defendant Martin duly filed answer, in which he denied all the allegations of plaintiff's petition, and set up certain special defenses. The said bank filed no pleading in which it denies any of the allegations of the plaintiff's said petition, or which can be construed as a denial of such allegations. In reply to the answer of defendant Martin, the plaintiff filed a supplemental petition in which he pleads various matters in reply to and avoidance of the special defenses that had been pleaded by Martin in his answer. In reply to this supplemental petition, Martin and the bank filed a joint pleading which they denominate their "first supplemental original answer," in which they except to plaintiff's said supplemental petition on various grounds, and deny all the allegations thereof.

[1] The law is that, when a material allegation of fact is made in the plaintiff's petition, any such fact so alleged is taken as admitted by the defendant, unless the latter denies same by proper pleading to that effect. Bauman v. Chambers, 41 S. W. 471, 91 Tex. 108; Mentz v. Haight (Tex. Civ. App.) 97 S. W. 1076; Ward Cattle & Pasture Co. v. Ford (Tex. Civ. App.) 175 S. W. 784; Henderson v. McDaniel (Tex. Civ. App.) 186 S. W. 865; Plummer v. Simms (Tex. Civ. App.) 177 S. W. 1037.

[2] The defendant bank contends that, because it was allowed, without objection on the part of the plaintiff, to participate in the trial of the case, the plaintiff should be held to have waived the filing of a formal denial of the allegations of plaintiff's petition. This contention should be overruled. Even if it be conceded that the participation of a defendant, without objection, in the trial of a case in which he has not traversed the allegations of the plaintiff's petition, might, in some circumstances, be held to import a waiver by the plaintiff of such traversal, such a holding would not be justified by the circumstances here. The plaintiff's alleged cause of action is against joint tort-feasors for unliquidated damages, only one of whom joined issue with plaintiff on the tendered issue of liability. The issue thus joined had to be determined by a trial. In such trial, the law does not impose upon the plaintiff the positive duty of interposing objection to the confessed wrongdoer co-operating with his codefendant in maintaining the latter's defenses. Moreover, the bank, notwithstanding its confession of liability by failing to join issue on the facts alleged in the plaintiff's petition,

had the right to participate in the trial so far as same related to the assessment of the plaintiff's damages, since its failure to deny the facts upon which its liability is predicated does not operate to admit the amount of damages claimed by the plaintiff.

The bank's failure to traverse the allegations of plaintiff's petition had effect as admitting such allegations to be true. Therefore the bank cannot be heard to complain of the judgment rendered against it, because of the fact that no proof of such admitted facts was made by the plaintiff. The plaintiff was not required to offer proof of the facts which were thus admitted.

We recommend that the judgment of reversal rendered by the Court of Civil Appeals be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.