**FOUST v. JONES et al.**
No. 1459.

Court of Civil Appeals of Texas. Eastland.
Dec. 13, 1935.

On Rehearing Jan. 24, 1936.

Oxford & McMillan, of Stephenville, for appellant.

J. B. Keith, of Stephenville, for appellees.

FUNDERBURK, Justice.

The petition of plaintiff below, C. G. Foust, alleged in the first count a cause of action in trespass to try title; the defendants being M. J. Jones and others not necessary specifically to mention. A second count, alternative to the asserted right of plaintiff to recover as fee-simple owner of the entire interest in the land, alleged that he was the owner of 82/100 interest therein, and that the defendants owned jointly an undivided 18/100 interest, and sought partition thereof. The adult defendants filed no answer and made no appearance. Certain of the defendants were dismissed. Minor defendants filed an answer by their guardian ad litem, consisting of a general demurrer, a general denial, a plea of not guilty, and a plea of res adjudicata; the latter to the effect that all the issues involved in the instant suit had been determined in a prior suit in the same court.

In a trial without a jury, judgment was rendered against the plaintiff and in favor of the defendants in which it was recited that the "court * * * is of the opinion that plaintiff C. G. Foust upon the evidence admitted and proffered in said cause is not entitled to recovery on the allegations in his petition against either or any of said named defendants." It was adjudged that "plaintiff take nothing on his suit in trespass to

try title herein, and that a partition of the land and premises in this suit be denied," etc. Plaintiff Foust has appealed.

Appellant presents eleven assignments of error. Each asserts error in a different "holding" of the court. For example, the first assignment of error is: "The court erred in holding that the judgment rendered in cause 6600 in the district court of Erath county, Texas, was res adjudicata of this cause." The last assignment is: "The court erred in holding that the sale of the land in controversy to C. G. Foust was void because at the time C. G. Foust represented the administrator as attorney." None of the assignments of error suggests a fundamental error. The assignments of error, while perhaps sufficient in form, are not sufficient in law to invoke our jurisdiction to determine any of the questions attempted to be presented.

 Assignments of error are the means whereby the jurisdiction of a Court of Civil Appeals is invoked to determine errors (not fundamental) in the actions, rulings, or other parts of the proceedings in the court below. See authorities cited in Panhandle & S. F. R. Co. v. Burt (Tex. Civ.App.) 71 S.W.(2d) 390, 391, 392; Blackmon v. Trail (Tex.Com.App.) 12 S. W.(2d) 967; Waggoner Estate v. Sigler Oil Co. (Tex.Com.App.) 284 S.W. 921; Chase Bag Co. v. Longoria (Tex.Civ.App.) 45 S.W.(2d) 242. "Assignments of error," as we had occasion to say in Panhandle & S. F. R. Co. v. Burt, supra, and under the authority of the decisions therein cited, "are not only the essential means of conferring jurisdiction upon the appellate court to review proceedings in the court below (except where fundamental errors appear), but they limit and mark the boundaries of that jurisdiction." One of the contemplated results to follow from assignments of error is to waive any error (not fundamental) in any action, ruling, or part of the proceedings in the trial court, not included in the assignments of error. "An assignment of error is simply a written statement to the effect that the court erred in a particularly named (and thereby designated) part of the proceedings in a case, from the judgment wherein appeal, or writ of error, is prosecuted." Panhandle & S. F. R. Co. v. Burt, supra.

 It is, therefore, of the very essence of a sufficient assignment of error that it point out, designate, or in some manner refer to some action, ruling, or part of the proceeding in the trial court so as to render same at least identifiable in the record. Manifestly, there can be no sufficient assignment of error if the record in a case fails to show that there was such action, ruling, or part of the proceeding as is alleged to have been erroneous. Such is true of each and all of the assignments of error in appellant's brief. They each complain of a "holding" of the trial court. Evidently, by "holding" is meant a ruling or conclusion of the court. The record wholly fails to show that the court made any one of the holdings claimed to be erroneous. The judgment of the court does not show upon which of many possible different grounds it rests. The suit being one in trespass to try title, the defendants could have offered evidence of any defense except limitation. R.S.1925, art. 7373. For aught the record or any of the assignments of error disclose to the contrary, the judgment may have rested solely upon the evidence of any one of such possible defenses. It should not require the citation of authorities to support the proposition that assignments of error to be sufficient must be supported by the record.

However, there is no lack of such authority. The rule is very well stated as follows: "No rulings or decisions of the court not shown by the record can be assigned as errors. An assignment of error cannot be accepted as proof of facts therein alleged and cannot therefore be considered in the absence of anything else in the record to show that the court did or did not rule as asserted in such assignment." 3 C.J. 1365, § 1510, note 85; Johnson v. Sabine, etc., R. Co., 69 Tex. 641, 7 S.W. 379, 380; Velasco Fish, etc., Co. v. Texas Co. (Tex.Civ.App.) 148 S.W. 1184; Ripley v. Ocean Acc., etc., Corporation (Tex.Civ.App.) 146 S.W. 974; Missouri, etc., R. Co. v. Thomas, 63 Tex. Civ.App. 312, 132 S.W. 974; Northern Assur. Co. v. Samuels, 11 Tex.Civ.App. 417, 33 S.W. 239; Moss v. Kittman (Tex.Civ. App.) 21 S.W. 315; Fox v. Brady, 1 Tex. Civ.App. 590, 20 S.W. 1024. As said by the Supreme Court in Johnson v. Sabine, etc., R. Co., supra: "It is urged that the court erred in sustaining a demurrer to the plaintiff's petition, but the record does not show any such ruling; on the contrary, the same was tried on its merits on the facts." It was further said in that case: "There are no conclusions of fact and law found in the record, and hence the assignments based on supposed findings of particular facts cannot be considered." This decision is deemed precisely in point here.

We have said that the assignments of error were perhaps sufficient in form. They would be good not only in form but in legal effect if the court had made the holdings or rulings identifiable in the record which are claimed to have. been erroneous. Had the trial judge upon proper request filed his conclusions of fact and law, it is just possible that same would have shown that he did make at least some of the "holdings" referred to in the assignments of error. In order that assignments of error such as these may be made, and have the essential support in the record, it is provided in rule 27, governing Courts of Civil Appeals, promulgated by the Supreme Court in response to constitutional authority, that: "In cases submitted to the judge upon the law and facts, the assignments of error shall be governed by the same rules as in other cases, and the party desiring to appeal should, as a predicate for specific assignments of error, request the judge to state in writing the conclusions of fact found by him separately from the conclusions of law." 142 S.W. xii.

The above .views require that the judgment be affirmed, and it will be accordingly so ordered.

Affirmed.

## On Rehearing.

■ Appellant alleged two causes of action; one in trespass to try title to recover the land, and the other in the alternative for partition of the land. In a trespass to try title suit in this state, the issues tendered by the plaintiff's pleading are joined by a plea of not guilty. In the absence of such plea no proof is required on the part of plaintiff to establish the allegations of his petition. The judgment of the court recited that the following defendants "having been duly cited failed to appear and answer herein but wholly made default," namely, Laura Jones, J. R. Stevens, Della Mae Stevens, Alma Bradley, Jim R. Bradley, M. J. Jones, J. J. Jones, Mary Jones, E. H. Steward, Della Steward, Annie Timberlake, and T. C. Timberlake. It is further recited that defendant Henry Morgan and Jewell Morgan "having filed a waiver herein failed to appear further in this cause."

■ We are of the opinion that upon the record plaintiff was entitled to judgment against the above-named defendants, the effect of which would have been to vest in him all title and claim of title of said defendants. R.S.1925, art. 7383, provides: "If the defendant, who has been personally · served with citation according to law, fails to appear and answer by himself or attorney within the time prescribed by law for other actions in the district court, the proper judgment by default may be entered against him and in favor of the plaintiff for the title to the premises, or the possession thereof, or for both, according to the petition, and for all costs, without any proof of title by the plaintiff." There is some authority to the effect that a plaintiff who tries a case without insisting upon a judgment by default waives the right to such judgment. 34 C.J. p. 177, § 391; Shaw v. Whitfield (Tex.Civ.App.) 35 S.W.(2d) 1115; Looney v. Linney (Tex.Civ.App.) 21 S.W. 409; W. T. Rawleigh Medical Co. v. Mayberry (Tex. Civ.App.) 193 S.W. 199; Guaranty State Bank of Goose Creek v. Brill (Tex.Civ. App.) 268 S.W. 260. In none of these cases was the point given more than a meager discussion, and none of them appear to have been presented to the Supreme Court, except the last-cited case. In it the Court of Civil Appeals cited 23 Cyc. p. 730, embody-ing the substance of the above citation from Corpus Juris. Upon a writ of error to the Supreme Court, the Commission of Appeals in Brill v. Guaranty State. Bank of Goose Creek, 280 S.W. 537, upon principles which to us appear to be sound, overruled the Court of Civil Appeals. It seems to us the Commission of Appeals did not ground its judgment simply upon the statute providing for default judgment, but upon the more fundamental principle that without a joinder of the issues tendered by the plaintiff the allegations in the plaintiff's petition are established as true for the purpose of rendering judgment, even when the defendant participated in the trial. In the instant case the defaulting defendants did not appear or participate in the trial. This view does not render the statute providing for judgments by default without a function to perform. The statute is also useful to shut off defenses in cases which must be postponed or continued before trial, the law providing that answers may be filed at any time before judgment by default is taken.

■ It is our conclusion that the trial court should have rendered judgment as above stated in favor of the plaintiff as against the nonappearing and nonanswering defendants, and that the failure to do so is an error apparent of record and presenting all the characteristics of a fundamental er-

ror which requires no assignment to present it. It follows from this conclusion that the court likewise erred in denying a partition.

The facts do not sufficiently appear to enable this court to render judgment, for which reason the motion for rehearing should be granted, the judgment of the trial court should be reversed and remanded for another trial, and it is accordingly so ordered.